The State v. Alvey.

THE STATE v. LEA ALVEY.

26 155
28a 537
26 155
39a 235

Where an indictment charged that the defendant " in a certain jail-house, the said jail-house then and there being a public house, did play at a game with cards, &c.," and exception was taken, on the ground that it did not appear from the face of the indictment that any offence against the law had been committed by the defendant, it was *error* to sustain the exception and quash the indictment.

The statute on gaming has declared certain houses to be public houses, and the courts will judicially recognize such houses to be public houses without averment to that effect; but as to the character of houses or places other than those specified in the act, the courts cannot take judicial cognizance whether they are public or private, and the question is one of fact for the decision of the jury.

The term " public house," as used in the statute on gaming, signifies a house which is commonly open to the public, for business, pleasure, worship, and the like; and not a house which belongs to the public as a body politic, in which sense a jail-house is a " public house."

But whether a particular jail-house is or is not a public house, as alleged in the indictment, is a question of fact to be decided by the jury under proper instructions from the court, and cannot be determined by the court upon exception to the indictment.

APPEAL from Johnson.   Tried below before the Hon. Nat. M. Burford.

The facts appear from the opinion.

*Attorney-General* for appellant.

BELL, J.   This is the case of an indictment which charges that the appellee, " in a certain jail-house, the said jail-house then and there being a public house, did play at a game with cards, &c." There was an exception to the indictment, on the ground that it did not appear from the face of it that any offence against the law had been committed by the defendant.   The court sustained the exception and quashed the indictment, and we think erroneously.

The court below must have proceeded upon the ground that the statute (contained in the Code) on the subject of gaming has

settled as matter of law what is a public house, and that the court could judicially know that a jail-house was not a public house in contemplation of the law on the subject of gaming.  It is true that the law has declared that certain houses are to be considered public houses: for instance, any house for retailing spirituous liquors, any storehouse, tavern or inn, are made public houses by the terms of the law, and an indictment need not allege that such houses are public houses.  So the law makes "any street or highway" a public place, and an indictment needs not to allege that streets and highways are public places, for the law makes them such, and the courts know them to be such.  But the judicial knowledge of the courts concerning the character of places, as public or private, can extend no further than the terms of the law; for when the law ceases to speak, the question becomes one of fact.  A jail-house, as we all know as matter of fact, is, in one sense, a public house; that is to say, it is a house which belongs to the public as a body politic.  But this is not the sense in which the term "public house" is used in the statute on the subject of gaming.  The term "public house" is there used to designate a house which is commonly open to the public, either for business, pleasure, religious worship, the gratification of curiosity, and the like.  Tried by this test, a jail-house, as matter of fact, is generally not a public house.  But there may be, in a particular jail-house, an apartment which is in fact public, because people may resort there for ease or amusement.  The indictment alleges that the jail-house in question was a public house; and it was a question of fact whether it was or not.  The court ought to have permitted the evidence on the subject to go to the jury, accompanied by proper instructions as to what the law means by a public house.

The judgment is reversed and the cause remanded.

Reversed and remanded.