### ROBERT P. CHERRY v. THE STATE.

The prohibition in article 2044 of the Penal Code, about gaming, is for playing cards at any public house; and a house "for retailing spirituous liquors" is specifically mentioned as such public place. (Paschal's Dig., Art. 2044, Note 640.)

Whether a room in which the cards were played was part of the drinking establishment was a question for the jury.

APPEAL from Guadaloupe. The case was tried before Hon. JOHN IRELAND, one of the district judges.

The facts are sufficiently set forth in the opinion of the judge.

No briefs have been furnished to the *Reporter*.

CALDWELL, J.—The indictment charges the defendant with playing a game of cards at a " public place for retailing of intoxicating and spirituous liquors by the drink."

The proof showed, that the playing took place in a room attached to the drinking-saloon, and belonged to the proprietor thereof, though rented to and under the control of another. The proprietor was in the habit of sending drinks into the room in which the game was played, and did so on this occasion.

The instructions given were, that " if the room in which the playing took place is attached to and constituted a part of the same house, it would be the same as if the playing had taken place in the room where the liquors were retailed.

"If the room was rented to Hudson as a mere shield to prevent prosecution, then in law it would be the room of the party who rented it to Hudson."

The prohibition is against playing cards at any "public house," and a house for retailing spirituous liquors is specifically mentioned as such public place. (Paschal's Dig., Art. 2044.)

It then becomes a question of fact, whether a room attached to and constituting a part of a house kept for the purpose of retailing spirituous liquors is in contemplation of law one of the prohibited places.

This was very properly submitted to the jury, and from the evidence they found that it was a mere subterfuge on the part of the proprietor, to relieve his customers from prosecution.

From the bar to the gaming-table drinks were constantly passed by the proprietor; from this and other circumstances, the jury were well justified in their verdict. Defendant relies on Holtzclaw v. The State, 26 Tex., 682, and Alvey v. The State, 26 Tex., 155, for a reversal. The distinction between this case and those relied on is broad, and too obvious for comment. Seeing no error, the judgment is

AFFIRMED.