[No. 3290.]

G. W. TUMMINS v. THE STATE.

18b  13
31   12
18b  13
37  259

1. GAMING — INDICTMENT.— Appellant was convicted on an indictment which, in substance, charged him with "playing cards at a public place," to wit: . . . "a room which *is*" occupied by one H. as a quirt shop, and which was commonly used for gaming. The time of the offense was laid as about six months prior to the findings of the indictment. *Held,* that the verb *is* referred to the time of the finding of the indictment, and not to the date of the alleged offense.

2. SAME.— A "quirt shop" is not enumerated by the Penal Code among the houses characterized as "public" houses, nor is it a house such as is "commonly known as public." Therefore, an indictment for playing cards at such a place is insufficient, unless it further alleges circumstances which constitute the place a public place. In the present case this defect was not cured by the allegation that the room was "commonly used for gaming," without the further allegation that the room was attached to a public house.

APPEAL from the County Court of Parker. Tried below before the Hon. A. J. Hunter, County Judge.

The opinion of the court sets out in substance the charge against the appellant. A fine of $15 was the punishment assessed against him.

No brief for the appellant has reached the hands of the reporters.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. Omitting formal allegations, the offense is charged in the indictment in the following words, viz.: "Did then and there play at a game with cards at a public place, to wit, in a certain room in Springtown in said county, and which said room is occupied by Dock Hannah as a quirt shop, and which said room was then and there commonly used for gaming; contrary," etc.

If it be conceded that "a quirt shop" is "a public house," still the indictment is insufficient in that it does not allege that the room was occupied by Hannah as a quirt shop when the playing took place. The allegation is that said room "*is* occupied by Hannah as a quirt shop." That is, that it is so occupied *now*, at the time the indictment was presented. It is not alleged, nor can we infer, that it was thus occupied at the time of the alleged offense, which was several months prior to the time of the finding of the indictment.

But, do the words "a quirt shop" indicate and describe a house commonly known as public? In the statute against gaming certain houses are specifically named as public houses (Penal Code, art. 355), and it is further generally provided that "all houses commonly known as public, and all gaming houses, are included within the meaning of the statute." (Penal Code, art. 356.) "A quirt shop" is not one of the houses specially named, nor are we aware that such a shop is "a gaming house" or commonly known as "a public house." It has been held that "a jail house" is not necessarily a public house (*State* v. *Alvey*, 26 Texas, 155), and so it has also been held that calling the place "the Occidental Saloon" in the indictment does not show that it was a house for retailing spirituous liquors. (*State* v. *Mansker*, 36 Texas, 364.)

"Certain houses and certain places are declared by the statute to be public, and in such cases they are to be regarded as public as matter of law, of which the court would take notice without any averment of their character as such; as a house for retailing spirit-

uous liquors, a storehouse, etc., or any street or highway. If the playing was at some other public house or public place, not mentioned in the terms of the law, it must be averred in the indictment, and the facts and circumstances relied upon making it public must be set forth." (*Elsberry* v. *The State*, 41 Texas, 158.) To sufficiently charge the offense of playing cards in a public place the indictment must allege the facts which constitute the place of playing a public place, unless it be a place specifically named in the statute. (*Jackson* v. *The State*, 16 Texas Ct. App., 373; *Fossett* v. *The State*, 16 Texas Ct. App., 375; *Bowman* v. *The State*, 16 Texas Ct. App., 513.)

Nor is the defect in the indictment cured by the allegation that the room was "commonly used for gaming." When a room of a house is designated as the place where the gaming took place, the indictment must allege that the room is attached to some one of the public houses named in the statute, or to some house commonly known as public. (Penal Code, art. 356; *Weiss* v. *The State*, 16 Texas Ct. App., 431.) "A room commonly used for gaming" is not a place which would bring the offense within the statute, unless such room is attached to a public house.

Because the indictment fails to charge any offense against the laws of the State, the judgment of the court below is reversed and the prosecution is dismissed.          *Reversed and dismissed.*

[Opinion delivered April 15, 1885.]