### F. B. CRUTCHER v. THE STATE.

No. 1391. Decided April 27, 1898.

**1. Playing Cards in a Public Place—Information.**

An information for unlawfully playing cards in a public place is wholly insufficient which describes the public place as "J. S. Mayfields, Sr.'s, pasture, about 340 yards from the International & Great Northern Railway depot," and then giving as the boundaries of said pasture only the length of the east and west lines, and not giving the length of the northern and southern lines, nor the number of acres in the pasture. Under this description the whole of the pasture is alleged as a public place commonly resorted to for gaming purposes. The allegation should have been more definite; the particular point should have been designated.

**2. Same—"Public Place."**

A secluded spot in the woods, or elsewhere, to become a public place in contemplation of the statute against gaming, must be a place used by sports and gamblers generally and indiscriminately for the purpose of gaming.

3. Same—Evidence.

Where the information charged the gaming to be in a public place, a pasture, evidence is insufficient to support the conviction which only shows the playing of two or three games in the vicinity, but not showing that they were played at the same place as charged; and the evidence is certainly insufficient where it fails to show that the place alleged had been used in two years prior to the presentment of the information, as a resort for gamblers and sports for purposes of gaming.

APPEAL from the County Court of Williamson. Tried below before Hon. W. F. ROBERTSON, County Judge.

Appeal from a conviction for unlawfully playing cards in a public place; penalty, a fine of $15.

The opinion sets out the information.

No further statement required.

*Makemson & Fisher* and *John Sansom & Wilcox,* for appellant.—Appellant insists that the information herein is too general and vague to require him to plead thereto, and calls attention to the same and insists on his bill of exceptions upon the court refusing to quash the said information. Code Crim. Proc., art. 466, sec. 7; Id., art. 448; Elsberry v. State, 41 Texas, 158; State v. Lopez, 18 Texas, 34.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawful card playing, and his punishment assessed at a fine of $15; hence this appeal.

Appellant made a motion to quash the information, which was overruled by the court, and which he assigns as error. The charging part of the information is as follows: That the defendant "did unlawfully play at a game with cards in a public place, to wit, in a place in J. S. Mayfield, Sr.'s, pasture, about 340 yards, in a southerly, southeasterly, and easterly direction, from the passenger depot of the International & Great Northern Railroad in Round Rock, and bounded as follows: Beginning at the northeast corner of said pasture fence; thence in a southerly direction with the east string of said pasture fence, 100 yards; thence in a westerly direction, on a line running parallel with the north string of said pasture fence, to a point in the west string of said fence; thence in a northerly direction, with the said west string of said pasture fence, to the northwest corner of said pasture fence; thence with the north string of said pasture fence, to the place of beginning there situated,— it being then and there a place to which people did commonly resort for the purpose of gaming, and it being then and there a place at which people were assembled for the purpose of gaming." The objections to the information are: First, because the information charges no offense; second, because the information shows on its face that the game alleged to have been played was played upon the private premises of said Mayfield, etc.; third, because the allegation describing the place where said playing is alleged to have occurred is too indefinite, general, and vague

to require this defendant to plead to the same. Appellant contends, under the last objection, that the information does not sufficiently designate any particular place. By reference thereto, it will be seen that the charge is that he played at a certain pasture; and even the metes and bounds of this pasture are not given, although it is attempted. Said information shows that the shape of the locus in quo is a parallelogram, the eastern western sides thereof being 100 yards long; but the length of the northern and southern lines is not given. How far the eastern and western strings of fence were apart we do not know, and we are not informed how many acres were contained in said pasture. So that the allegation is that the whole of said pasture was a public place, by virtue of its being a common resort for the purpose of gaming. We believe that the allegation in this respect should have been more definite; that some particular point should have been designated; that the information should have alleged that the parties played at and near the locus in quo so described, and the proof should have been confined to the allegation so made. If the dimensions of the pasture had been given more definitely, it might appear to be of such size that the whole of the same could be regarded as a public place, if it be conceded that a resort for gaming in a pasture, where the parties seclude themselves, can be a public place, under the statute. The part of article 379 under which this information was evidently framed reads as follows: "If any person shall play at any game with cards," etc., "in any street, highway, or other public place, or in any outhouse where people resort, he shall be fined," etc. It can not be contended that the playing here set out was at an outhouse where people resorted, for it was the intention of the pleader to bring the information under the allegation "other public places." A street or highway is named as a public place, and they are so on account of their use by the general public; and so might a square or plaza in a town or city be a public place; and so might any place be a public place where the general public resort, either for the purpose of pleasure, religious worship, or the gratification of curiosity and the like. See State v. Alvey, 26 Texas, 156; Parker v. State, Id., 204; Cole v. State, 28 Texas Crim. App., 536. So we take it that some secluded spot in the woods or elsewhere might become a public place, if used indiscriminately by a number of persons for the purpose of gaming. But we do not understand that a secluded place, not an outhouse, though resorted to a number of times for the purpose of gaming by a few persons, and not open to the sporting fraternity generally, would be a public place, though, if the place be an outhouse which is resorted to for the purpose of gaming, this would become a public place, if resorted to only by a select few persons for the purpose of gaming. This would be so by virtue of the terms of the statute, but these very terms would appear to exclude a place other than an outhouse. And we hold that such a place would only become a public place when used by sports and gamblers, generally and indiscriminately, for the purpose of gaming. The proof in this case does not, in our opinion, show that the particular

part of the pasture where the game was played was a common resort for the purpose of gaming. Perhaps as many as two or three games had been played in that vicinity during the fall of 1897, but these were not shown to have been at the same place as the game charged against appellant. There was certainly a failure on the part of the State to show that the portion of the said pasture where the alleged game was played had been used within two years prior to the presentment of the indictment as a common resort for the purpose of gaming; that is, where gamblers and sports resorted indiscriminately for the purpose of playing cards. As stated above, however, the information was insufficient, and the motion to quash should have been sustained; and for the refusal of the court to quash the information the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*