THOMAS C. WELLS, Respondent, v. W. A. BENTE et al., Appellants.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Mortgages: STATUTE: DEEDS OF TRUST.** While section 4355, Revised Statutes 1899, only names mortgages, it is construed to embrace deeds of trust.

2. ———: **FORECLOSURE: EMBLEMENTS: STATUTE.** Prior to the enactment of said section the purchaser under a mortgage sale took the growing crop of the tenant. Not so now.

3. ———: ———: ———: **PERSONAL REPRESENTATIVE.** The meaning of the term "personal representative" as used in said section includes the mortgagor's grantees, immediate or remote, as the object is to protect the tenant having the growing crop at the time of the sale. Lass v. Sternberg, 50 Mo. 124, distinguished.

Appeal from the Cooper Circuit Court.—*Hon. T. B. Robinson,* Judge.

REVERSED AND REMANDED.

*Bente & Wilson, Jos. F. Rutherford* and *W. S. Shirk* for appellant.

(1) The execution and foreclosure of the deed of trust can in no wise affect the interest of J. Y. Bente, the tenant of W. A. Bente, or Eugene Smith, the tenant of J. Y. Bente. R. S. 1899, sec. 4355; Laws 1893, p. 210 (approved March 30, 1893). (2) The word "mortgages" in the aforesaid act

of 1893, includes deeds of trust which operate as mortgages. Walton v. Fudge, 63 Mo. App. 52. (3) Under deeds of trust and all mortgages executed and recorded prior to the act of 1893 (Laws 1893, page 210), crops growing on mortgaged lands were covered by the mortgage, and, until they were severed, the mortgage attached to the crops as well as to the lands; and if the land be sold for condition broken before severance the purchaser was entitled to the growing crops, not only as against the mortgagor, but against all persons claiming in any manner through, or under him, and the question of their maturity or immaturity is immaterial. Vogt v. Cunningham, 50 Mo. App. 136; Watson v. Menteer, 59 Mo. App. 387. (4) But the laws of 1893 have changed the above decision, so that now, if the deed of trust be made after the laws of 1893 took effect, the tenant's interest in the crops can not be affected by the foreclosure sale. R. S. 1899, sec. 4355; Laws 1893, p. 210; Walton v. Fudge, 63 Mo. App. 52, 55; Reed v. Swan, 133 Mo. 100, 106. Personal representative. The Laws of 1893, page 210 (now R. S. 1899, sec. 4355), provides "that nothing herein shall be construed to affect in any way the rights of a tenant to the growing and unharvested crops on lands foreclosed as aforesaid, to the extent of the interest of such tenant under the terms of contract or lease between such tenant and the said mortgagor or his personal representative." The term "personal representative" as used herein means those who succeed the grantee in the title of land. Woodruff v. Woodruff, 1 L. R. A. 380; 18 Am. and Eng. Ency. of Law (1 Ed.), p. 407, note under Personal Representatives. The term "personal representative" when used in a deed means those who succeed the grantee in the title of the land. 18 Am. and Eng. Ency. of Law (1 Ed.), p. 407, note under head of Personal Representatives; Elstroth v. Young, 83 Mo. App. 253; Wood-

ruff v. Woodruff, 1 L. R. A. 380; 18 Am. and Eng. Ency. of Law (1 Ed.), p. 407.

*W. M. Williams* for respondent.

(1) The title to the crops growing upon the land at the time of the trustee's sale passed to the purchaser, and plaintiff is entitled to the same unless his right thereto is defeated by section 4355, of the Revised Statutes of 1899, originally enacted in 1893. Salmon v. Fewell, 17 Mo. App. 118; Vogt v. Cunningham, 50 Mo. App. 136. (2) The language of the act is plain and unambiguous. There is no difficulty in giving it effect according to its terms. Nothing is left to construction. The legislature has declared that the sale of land under a deed of trust shall not deprive a tenant in possession of said land, under a contract with the mortgagor or his personal representatives, of his rights to the crops growing thereon at the time of such sale. The courts can not extend the terms of the statute, and say that, not only is the tenant of the mortgagor entitled to the crops, but the tenant of a subsequent purchaser of the equity of redemption. If this may be done, why not include within the statute the purchaser of the equity of redemption also? It is not so written. Where the language of the legislature is plain and unambiguous, the courts can not add to or take from the terms of the statute. State ex rel v. Gammon, 73 Mo. 421; State ex rel. v. Clark, 57 Mo. 25; Endlich on the Interp. of Stat., sec. 4; R. S. 1899, sec. 4160, par. 1. (3) The statute under consideration is in derogation of the common law and should be strictly construed. Being a change in the existing law, and in derogation of the common law, it must not be presumed to make any change beyond what is expressed in its provisions, or fairly implied

from them. Stone v. Kelley, 59 Mo. App. 218; Brown v. Dressler, 125 Mo. 593.

ELLISON, J.—This is an action of replevin for crops grown on certain real estate in Cooper county. Plaintiff prevailed in the trial court.

In 1894, Patrick Redding was the owner of the land and in that year executed a deed of trust thereon. Redding conveyed the land subject to the deed of trust, and his grantee again conveyed it. But afterwards, in 1899, the land was sold under the power of sale in the deed of trust and one E. W. Moore became the purchaser. Moore then conveyed to this plaintiff who claims the tenant's crop. The crop was growing on the land at time of sale to Moore under the deed of trust and at time of his sale to plaintiff. The defendants are not tenants of Redding, who executed the deed of trust, but are tenants of a remote grantee of his. The question presented is, can a purchaser of lands at a sale under a deed of trust or his grantee make valid claims to the crop growing thereon at time of purchase, as against the tenant of a grantee of the original mortgagor? Defendants contend that he is prevented from making such claim by the following statute, section 4355, Revised Statutes 1899:

"All mortgages of real or personal property, or both, with powers of sale in the mortgagee, and all sales made by such mortgagee or his personal representatives, in pursuance of the provisions of such mortgages, shall be valid and binding by the laws of this state upon the mortgagors, and all persons claiming under them, and shall forever foreclose all right and equity of redemption of the property so sold: *Provided,* that nothing herein shall be construed to affect in any way the rights of a tenant to the growing and unharvested crops on lands fore-

closed as aforesaid, to the extent of the interest of such tenant under the terms of contract or lease between such tenant and the said mortgagor or his personal representatives."

Though this statute only names mortgages, we have construed it to embrace deeds of trust. Walton v. Fudge, 63 Mo. App. 52.

We have heretofore frequently decided that the purchaser of lands under a mortgage or deed of trust sale would take the growing crop of the tenant. Salmon v. Fewell, 17 Mo. App. 118; Vogt v. Cunningham, 50 Mo. App. 136.

The statute just quoted undoubtedly changes this rule and secures to the tenant of the mortgagor, or his personal representatives, the title to his interest in the crops grown on the mortgaged premises. But plaintiff's contention in support of the judgment in the trial court is that it is only the tenant of the *mortgagor,* or his executor or administrator, who can claim title to the crop under the statute. It will be noticed that the statute protects the tenant of the "mortgagor or his personal representatives." Plaintiff insists that the words, "personal representatives," mean executors or administrators. That is the general and usual meaning. But those words are not necessarily of one meaning. Like many others in the English language they may be given different interpretations, depending upon the sense in which they are used, whether that be in statutes, will, or deeds. Thus, the words sometimes mean "heirs." Ewing v. Shannahan, 113 Mo. 188; Ellstroth v. Young, 83 Mo. App. 253; Davies v. Davies, 55 Conn. 319. The words may include "assigns" within their meaning. Ins. Co. v. Armstrong, 117 U. S. 591.

When the same words have different meaning, that meaning should be preferred which will not be wholly unreasonable, as shown by the object, and the connection in which they are used. It is worthy of remark that in the discussion of this

question the authorities constantly refer to whether this or that meaning contended for would be reasonable. Applying the foregoing to the statute in question, we are satisfied that the object of the statute was to protect the tenant who had the growing crop at the time of the sale of the land, whether he be the tenant of the mortgagor himself, or the tenant of his grantees; and that therefore the mortgagor's grantees, immediate or remote, were included within the meaning of the words, "his personal representatives."

Plaintiff's counsel has called our attention to the following section of the administration statute: "If any person having given a deed of trust or mortgage with power of sale, die, no sale shall take place under such deed of trust or mortgage within nine months after the death of such person." And to the interpretation thereof in Lass v. Sternberg, 50 Mo. 124, where it was decided that the words of the statute referring to the person who gave the deed of trust and died could not be enlarged so as to embrace a prior owner who had executed the deed of trust. But that case is not analogous. In that case the words of the statute can have but one meaning. The words of that statute, "If any person having given a deed of trust die," have but one meaning, while the words "personal representatives," in the statute under consideration, may have several meanings, as we have already pointed out.

The judgment will be reversed and the cause remanded. All concur.