## HYATT *v.* GRAND RAPIDS BREWING CO.

LANDLORD AND TENANT — INTOXICATING LIQUORS—LEASE — CONSTRUCTION—LEGALITY.

> Upon the adoption of prohibition under the local-option law, a lease of premises to be occupied for and by a saloon did not become void, in the absence of a warranty in the contract that the use of the premises for that purpose should be continuous throughout the term.

Error to Kent; Perkins, J.   Submitted November 22, 1911.   (Docket No. 166.)   Decided January 23, 1912.

Assumpsit by Francis A. Hyatt against the Grand Rapids Brewing Company for rent due.   A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error.   Affirmed.

*Geo. E. & M. A. Nichols* (*F. O. Eldred*, of counsel), for appellant.

*William M. Smith*, for appellee.

On April 21, 1906, plaintiff rented to defendant a brick store building located in the city of St. Johns, Clinton county, for the term of four years from and after May 1, 1906, at an annual rental of $600 to be paid at the rate of $50 monthly in advance; the building "to be occupied for the purpose of operating and conducting a retail liquor business and saloon." Defendant so occupied the building and paid the rent therefor for two years. On April 15, 1908, the board of supervisors of Clinton county adopted a resolution prohibiting the sale of intoxicating liquors in that county, under the provisions of Act No. 207, Pub. Acts 1889 (2 Comp. Laws, § 5412 *et seq.*), from and after the 1st day of May, 1908. Thereupon and on May 4, 1908, defendant wrote plaintiff a letter in which it made a tender of the premises to plaintiff. On May 6, 1908, plaintiff wrote defendant declining to accept the premises and insisting upon the payment of the rent reserved in accordance with the terms of the lease. Defendant then sublet the premises to one Stormfeltz, who occupied them from July 20, 1908, to January 1, 1909. Defendant paid the rent up to May 1, 1909. On May 5, 1909, it wrote the following letter to plaintiff:

"GRAND RAPIDS, May 5, 1909.
"F. A. HYATT,
          "St. Johns, Mich.
     "*Dear Sir:* Enclosed find our check for $50 for April rent, building leased of you April 26, 1906, being unable to use this building for purpose rented we vacated said building and surrender herewith our rights and privileges under lease which we hereby cancel, as under local-option laws the lease is declared null and void. The keys are with Pardee & Schoenhals, whom we have instructed to turn the keys over to you.
                "Yours truly,
                    "GRAND RAPIDS BREWING Co."

Defendant paid no rent thereafter, and at the expiration of the lease, one year later, plaintiff brought suit for the recovery of the amount thereof, $600, and interest, together with the sum of $130 which he claimed was due

for injury to the premises. Upon the trial counsel for defendant conceded that, if plaintiff was entitled to recover at all, he would raise no question over the sum of $130 claimed as damages for injury to the premises. The trial judge then said:

"I think I will direct a verdict for the plaintiff for the amount claimed, under the concession of counsel with reference to damage for injury to the premises, and on the ground that the adoption of local-option in Clinton county taking effect May 1, 1908, did not relieve the defendant company from its obligations to carry out its terms of this contract."

Verdict for plaintiff was directed in the sum of $787.81. Defendant has brought the case to this court for review upon writ of error.

Brooke, J. (*after stating the facts*). Counsel for appellant in his brief states that the assignments of error raise four points. We find it necessary to discuss but one, the first, which is set out as follows:

"Whether the court was right in holding that the adoption of local-option in Clinton county had no effect whatever to cancel or render void the lease, and that defendant remained liable under it just the same after the adoption of local-option as though it had never been adopted, and rendering a verdict for that reason."

It is the claim of appellant that this case is controlled by our decision in *Hooper* v. *Mueller*, 158 Mich. 595 (123 N. W. 24, 133 Am. St. Rep. 399). We think the cases are clearly distinguishable. In the *Hooper Case* the lessors not only agreed to lease a building, but to furnish for the lessees suitable bondsmen, and further covenanted that, in case they were unable to furnish such bondsmen, the lease should become void. The adoption of the "local-option law" made it impossible for the lessors to fulfill their part of the contract, and this court held that thereby the lease became void according to its terms.

The instant case presents no such situation.   Nowhere in the lease can there be found an undertaking on the part of the lessor that the lessee shall at all times during the continuance of the lease be legally able to operate a retail liquor business upon the premises; otherwise the lease to become void.

We are of opinion that the words in the lease, "to be occupied for the purpose of operating and conducting a retail liquor business and saloon," should be construed as permissive in character, rather than as a warranty on the part of the lessors that the premises could be legally so occupied throughout the term.   We think the court may take judicial notice of the fact that the use of premises for the sale of liquor at retail is such a use as tends to injure the reputation of the property so used.   In inserting in the lease the words quoted, the lessee doubtless desired to have it placed beyond peradventure that it might use the premises for the purpose named.   Had it desired to secure such a warranty from the lessor, it would have been easy to provide in the lease for its avoidance upon the happening of the contingency which later made it impossible for it to sell liquor at retail in Clinton county.   In making the contract it did, we must presume that it acted with a knowledge of the law.

That the use for which it stipulated in the lease might at any time become illegal was known to it.   The so-called "local-option law" had been upon the statute books for many years, and many counties in the State had prohibited the sale of intoxicating liquors under its provisions. That such action in Clinton county was possible was, of course, known to the lessee.   That it should have been apprehended, from the history of the liquor traffic in this State during the past 20 years, is clear.   The lessee doubtless did so apprehend it, and yet it chose to enter upon a contract which did not provide for its avoidance upon the happening of the contingency plainly in view.   The language used is, in our opinion, permissive and not restrictive.   The premises demised could have been used for

other than the specified purpose. Indeed, a portion of them were so used during all the time they were occupied under the lease, and all of them were so used during six months of the last year of occupancy. While the construction placed upon the contract by the lessee, as indicated by its use of the premises, is not controlling, it is not without force when the court is called upon to determine the meaning of the language used.

Upon the question here involved, the following cases may be consulted with profit: *Houston Ice & Brewing Co. v. Keenan*, 99 Tex. 79 (88 S. W. 197); *Lawrence v. White*, 131 Ga. 840 (63 S. E. 631, 19 L. R. A. [N. S.] 966); *Abadie v. Berges*, 41 La. Ann. 281 (6 South. 529); *Shreveport Ice & Brewing Co. v. Mandel Bros.*, 128 La. 314 (54 South. 831); *Koen v. Brewing Co.* (W. Va.), 70 S. E. 1098; *Hecht v. Coal Co.* (Wyo.), 113 Pac. 788 (34 L. R. A. [N. S.] 773); *Barghman v. Portman*, 14 S. W. 342, 12 Ky. Law Rep. 342; *O'Byrne v. Henley*, 161 Ala. 620 (50 South. 83, 23 L. R. A. [N. S.] 496; *Kerley v. Mayer*, 155 N. Y. 636 (49 N. E. 1099).

Having reached the conclusion above indicated upon this question, it becomes unnecessary to consider the other questions discussed in the brief of appellant.

The judgment is affirmed.

STEERE, McALVAY, BLAIR, and BIRD, JJ., concurred.