[Civ. No. 3073.    Second Appellate District, Division One.—December 11, 1919.]

## SECURITY TRUST & SAVINGS BANK (a Corporation), Appellant, v. H. M. CLAUSSEN, Respondent.

[1] LANDLORD AND TENANT—USE OF PREMISES—CONSTRUCTION OF LEASE.—A provision in a lease that the demised premises are to be "used for the purpose of conducting and carrying on the business pertaining to a general retail liquor establishment" is permissive, rather than restrictive, and the lessee is not limited in the use thereof to conducting a liquor business, but might carry on any lawful business therein.

[2] ID.—SPECIFIC USE OF PREMISES PREVENTED BY LAW—EVICTION.— The passage of an ordinance rendering it impossible for the lessee to conduct a retail liquor business on the demised premises does not constitute an eviction, a provision in the lease that the premises are to be "used for the purpose of conducting and carrying on the business pertaining to a general retail liquor establishment" not being restrictive to that character of business.

[3] ID.—ACTION FOR RENT—REASONABLE VALUE OF PREMISES—PLEADING—EVIDENCE.—Where a lease provides that should the city be voted dry and all retail liquor establishments abolished and that by reason of such fact the rental value of the premises should be impaired, the lessor will grant such reduction on the rent as she may deem proper, and such an ordinance is passed, but in an action by the lessor to recover the rent specified in the lease the lessee does not claim or allege in his answer that the rental value of the property is less than the amount specified in the lease, evidence as to the reasonable rental value of the premises is not admissible.

2.    Effect upon lease of property for saloon of passage of prohibitory laws during term, notes, 19 L. R. A. (N. S.) 964; 23 L. R. A. (N. S.) 497; 34 L. R. A. (N. S.) 773; L. R. A. 1917C, 935.

Eviction by enforcement by public officials of restrictions on use of premises, note, 2 L. R. A. (N. S.) 973.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.    Reversed.

The facts are stated in the opinion of the court.

Newlin & Ashburn for Appellant.

Randall, Bartlett & White for Respondent.

SHAW, J.—In this action plaintiff sought to recover rent of $150 per month, alleged to be due for the months of April to October, 1918, inclusive, under the terms of a written lease made by its assignor to defendant herein.

The court found that plaintiff was entitled to forty dollars per month for the period in question, and gave judgment accordingly, from which plaintiff appeals.

The lease, the execution of which defendant admits, provided that the demised premises, situated in the city of Los Angeles, were to be "used for the purpose of conducting and carrying on the business pertaining to a general retail liquor establishment," for a period of five years from February 7, 1916.    Among other provisions contained in the lease was a covenant on the part of the lessor "that should the city of Los Angeles be voted dry and all retail liquor establishments be abolished, and should the within premises thereby become worth less rent per month than the amount above stated [$150 per month], that she will grant such reduction on said rent as she may deem proper at that time." In his answer defendant, admitting that no payments had been made on account of the rent accruing for said months under the terms of the lease, denied that any sum whatsoever was due thereon, and as an affirmative defense alleged the adoption of an ordinance by the city of Los Angeles, which went into effect April 1, 1918, the provisions of which made it unlawful to use the demised premises for the purpose of conducting and carrying on the business pertaining to a general retail liquor establishment.    He did not, however, allege that by reason of the provisions of such ordinance the premises had become worth less per month than the amount specified in the lease.    Without objection, defendant introduced in evidence an ordinance entitled, "An ordinance prohibiting saloons; and prohibiting the sale of distilled alco-

holic liquors; and regulating the sale and service of vinous and malt alcoholic liquors, within the city of Los Angeles,'' which, as provided therein, became effective at midnight, March 31, 1918, and whereby it was declared to be unlawful ''to sell, serve or give away any alcoholic liquor within the city of Los Angeles,'' except as otherwise provided therein. Without quoting the exceptions, suffice it to say that the conducting and carrying on of a retail liquor establishment is not included within the exceptions found in the ordinance; indeed, the very purpose of the ordinance was to prohibit the conduct of such business. This was followed by testimony, received over plaintiff's objection, that since not pertinent to any issue raised, it was incompetent, to the effect that the reasonable rental value of the premises for the months in question was thirty dollars per month.

Upon this evidence the court found that by reason of the passage of said ordinance it became impossible for defendant to use the premises for the purpose of conducting the business pertaining to a general retail liquor establishment, and that the reasonable rental value of the premises for the months of April to October, 1918, inclusive, was the sum of forty dollars per month.

[1] While the lease provided that the premises were to be ''used for the purpose of conducting and carrying on the business pertaining to a general retail liquor establishment,'' such provision as to use is permissive rather than restrictive. Defendant was not limited in the use thereof to conducting a liquor business, but might carry on any lawful business therein (*Hyatt* v. *Grand Rapids Brewing Co.,* 168 Mich. 360, [134 N. W. 22] ; *Lawrence* v. *White,* 131 Ga. 840, [15 Ann. Cas. 1097, 9 L. R. A. (N. S.) 966, 63 S. E. 631] ; *McLarren* v. *Spalding,* 2 Cal. 510), for which the premises might have been of equal or greater value. [2] The fact that the ordinance rendered it impossible for the tenant to conduct a liquor business, since he was not restricted in the use of the premises for other kinds of business, did not constitute an eviction.

[3] If defendant desired to protect himself against a change of the law, the operation of which would prevent him from conducting the liquor business, then it was his duty to so stipulate in the contract. It is apparent the parties so understood the law with respect to the provision as to

44 Cal. App.—47

the purpose for which the premises were leased, and to cover such contingency inserted a clause "that should the city of Los Angeles be voted dry and all retail liquor establishments be abolished," and further, *that if by reason of such fact the rental value of the premises should be impaired,* the amount of the rent specified in the lease should be reduced. While the adoption of the ordinance and the fact that by reason thereof it was impossible for defendant to conduct the liquor business, is alleged, nowhere in the answer is it claimed or alleged that, due to the effect of such ordinance, the rental value of the property was less than the amount of the rent specified in the lease; hence, conceding the effect of the ordinance was to prohibit defendant's use of the premises for the vending of liquor, nevertheless, since it was not alleged that by reason of such fact the rental value was less than $150 per month, there was no issue under which testimony as to the reasonable rental value of the property was admissible. The court erred in overruling plaintiff's objection to the same. In the absence of such allegation, no facts were stated constituting a defense and no evidence admissible thereunder.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.