## HOME BREWING COMPANY v. KAUFMAN ET AL.

[No. 11,045.    Filed February 3, 1922.    Rehearing denied April 21, 1922.    Transfer denied June 22, 1922.]

LANDLORD AND TENANT.—*Lease of Premises for Use as Liquor Store.—Validity.—Prohibition Law.*—Where by the terms of a lease the demised premises were "to be used and occupied by said lessee for a liquor store and for no other purpose," and the term "liquor store" was understood by the parties to mean a place where intoxicating liquors should be sold at retail under proper authority of law, and which also might be used as a place for the sale of mineral waters, soft drinks, cigars, etc., and also as a place for keeping pool tables, the elements other than the use of the premises for the sale of intoxicating liquors were substantial and not merely incidental, and the lease was not rendered void by the passage of the state-wide Prohibition Law (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918) ; the rule being that where a lease contemplates the use of the demised premises for more than one purpose, the fact that the lessee is deprived of one or more of the purposes contemplated, but less than all, does not deprive him of the beneficial use of the leased property.

From Marion Superior Court (A3,749) ; *W. W. Thornton,* Judge.

Action by Rachel Kaufman and another against the Home Brewing Company. From a judgment for plaintiffs, the defendant appeals. Affirmed.

*Aquilla Q. Jones, William W. Hammond* and *Frank T. Edenharter,* for appellant.

*Frank E. Gavin, James L. Gavin* and *William E. Gavin,* for appellees.

NICHOLS, J.—This was an action for rent alleged to be due under a written lease of a storeroom in the city of Indianapolis, entered into by appellees as lessors and appellant as lessee, on March 19, 1914, for a term of five years from June 1, 1914. The rent was payable in equal monthly installments on the first day of each month at the rate of $80 per month for the first two years, and $85 per month for the last three years of the

term.  By the terms of the lease the premises were "to be used and occupied by said lessee for a liquor store and no other purpose."  Appellant is an Indiana corporation organized to manufacture and sell beer and other malt liquors.  With full knowledge on the part of appellees and with no objection from them, appellant, instead of occupying the premises itself, sublet them to a person who conducted therein a liquor store as hereinafter defined. ·

Appellant paid rent to appellees up to April 1, 1918. On April 2, 1918, the law prohibiting the sale of intoxicating liquors in the State of Indiana compelled appellant's sub-lessee to discontinue the business of selling intoxicating liquors.  However, said sub-lessee continued to occupy said storeroom as a soft drink establishment and to pay rent therefor to appellant until some time after August 20, 1918, when he vacated the premises.  The room remained unoccupied for several months, when by agreement of the litigants a receiver was appointed by the court to take possession and rent it, if possible.  The suit was brought by appellees to recover the full amount of rent stipulated for in the lease, at the rate of $85 per month for the unexpired term. The questions involved were:  (1) Did the state-wide Prohibition Law, §8356a *et seq.* Burns' Supp. 1918, Acts 1917 p. 15, render the lease void after April 2, 1918?  (2) Was the lease void from its inception because violative of the spirit of the Proctor law and against public policy?

These questions are presented by appellant's assignment that the court erred in its conclusions of law on special findings of fact.  As appears by appellant's brief as well as by statement of counsel in oral argument, reliance is placed on *Schaub* v. *Wright* (1921), 79 Ind. App. ——, 130 N. E. 143, as an authority sustaining the contention as to the first question.  Appellee cites au-

thorities from other states giving a more inclusive definition of "Saloon" than was given in *Schaub* v. *Wright, supra,* but, were we called upon in this case again to define the term, we would adhere to the definition there given as to the meaning of the term in this state. It was used without exception to designate the place where licensed traffic in intoxicating liquors was carried on until the prohibition law became effective, and we know of no place now in which soft drinks, tobacco and lunches are sold that is called a saloon. But the lease here involved does not use the term saloon, but "liquor store" which the trial court, by its finding five, has defined as the parties understood it as follows: "By the term 'liquor store' as used in said lease, the parties thereto, plaintiffs and defendant, understood and meant that said premises should be used as a place wherein intoxicating liquors of all kinds, spirituous, vinous and malt should be sold at retail under proper authority of law, and which might also be used as a place where mineral waters, soda water, pop, lemonade and all kinds of soft drinks, cigars, cigarettes, tobacco in all forms, lunches and various things to eat might also be sold, and also as a place where pool tables might be kept and maintained for hire, all of said things to eat and drink to be used and consumed on the premises or elsewhere as the purchaser preferred, and all in obedience to the laws of the State of Indiana."

It will be observed that the foregoing definition of "liquor store" is much more inclusive than this court's definition of "saloon." That the other elements of a "liquor store" than a place where intoxicating liquors were sold were substantial, and not merely incident as contended by appellant, is evidenced by the fact as found that appellant's sub-lessee continued the business except as to sales inhibited by law until after August 20, 1918, and appellant with knowledge that the business was be-

ing so conducted continued to collect rent from its sub-lessee without reduction in the amount thereof, as we reasonably infer from the evidence, and as the court by its silence finds, as against appellant.

The rule seems well established that where the lease contemplates a use for more than one purpose, the de-priving of the lessee of one or more, less than all the purposes contemplated, does not deprive him of the beneficial use of the leased property, he being still en-titled to use the premises for the carrying on the un-restricted part for the purposes contemplated by the lease. *Christopher* v. *Blum Co.* (1919), 78 Fla. 240, 82 So. 765; *Burke* v. *San Francisco Breweries, Ltd.* (1913), 21 Cal. App. 198, 131 Pac. 83; *Shreveport Ice Co.* v. *Mandell* (1911), 128 La. 314, 54 So. 831; *Conk-lin* v. *Silver* (1919), 187 Iowa 819, 174 N. W. 573, 7 A. L. R. 832; *Proprietors' Realty Co.* v. *Wohltman* (1921), 95 N. J. Law 303, 112 Atl. 410; *Warm Springs Co.* v. *Salt Lake City* (1917), 50 Utah 58, 165 Pac. 788, L. R. A. 1917F 713; *Lawrence* v. *White* (1908), 131 Ga. 840, 63 S. E. 631, 19 L. R. A. (N. S.) 966, 15 Ann. Cas. 1097. These authorities, with others, are cited by appellant to sustain its challenge of *Schaub* v. *Wright, supra,* but they are easily distinguished from that case.

The judgment is affirmed.

Dausman, C. J., dissents.