[No. 2957. Sept. 21, 1925. Rehearing Denied Nov. 23, 1925.]

## THOMAS et al. v. PAVLETICH et al.

[239 Pac. 862.]

### SYLLABUS BY THE COURT

1. Error, if any, in overruling motion to strike amended complaint whereby new parties plaintiff are substituted, is waived by answering the amended complaint and going to trial.

2. Abstract proposition of law, assuming a state of facts not shown by findings, will not be considered.

3. Findings supported by substantial evidence conclusive on appeal.

Appeal from District Court, Colfax County; Leib, Judge.

Action by David J. Thomas and another, executors of the last will and testament of John W. Thomas, deceased, against Martin Pavletich and another, to recover rent. Judgment for plaintiffs, and defendants appeal. Affirmed.

Voorhees & Voorhees, of Raton, for appellants.

Geo. E. Hanis, of Raton, and A. M. Edwards, of Santa Fe, for appellee.

### OPINION OF THE COURT

WATSON, J. December 31, 1914, John W. Thomas, owner of certain premises in Raton, leased the same, in writing, to Martin Pavletich and Mary Pavletich, for the term commencing January 18, 1915, and ending August 18, 1916, reserving rent of $165 per month. It was provided that the lessees might, at their election, have an additional term of three years, ending August 18, 1919, at a rental for the additional term of $180 per month. The lessees so elected and continued in possession, paying the rent until October 18, 1918. Prohibition having gone into effect October 1, 1918, the lessees, having failed in negotiations to obtain a reduction in the rent, vacated the premises in November, 1918. The executors of the lessor, then

deceased, succeeded in leasing the premises from March 1, 1919, for the balance of the term at $140 a month, and obtained judgment in the lower court against the lessees for the full amount of the stipulated rent from October 18, 1918, to March 1, 1919, and for the deficiency of $40 per month from March 1, 1919, to the end of the term, from which judgment the lessees appeal.

The issues upon which the trial was had were made by an amended complaint, an answer thereto and a reply. Appellants' first argued assignment is upon the overruling of their motion to strike the amended complaint. It appears that upon the death of the lessor the appellees were appointed as special administrators. Thereafter, upon the admission of the will to probate, they were appointed and qualified as executors. The original complaint named as plaintiff David J. Thomas, as administrator of the estate of John W. Thomas. At the time of the filing of this original complaint, the will had already been probated, and the appellees were the duly qualified and acting executors.

[1] Appellants contend that, upon the appointment and qualification of the appellees as executors, both ceased to be special administrators, and that the nominal plaintiff in the original complaint was without entity, and that in such case no amendment could thereafter cure the defect. On the other hand, appellees contend that the designation of the plaintiff as administrator was mere misdescription of the capacity in which he sued, and that an amendment correcting this misdescription, and bringing in his coexecutor, was proper.

It seems unnecessary for us to decide this question, since, after the overruling of their motion to strike, appellants filed an answer to the amended complaint and went to trial upon the issues. By so doing, we think appellants waived error, if any, in the overruling of their motion. In Security Trust & Savings Bank v. Ravel, 24 N. M. 221, 173 P. 545, the lower court permitted a trial amendment to the answer, over the

plaintiff's objection. In this court it was contended that the amendment introduced an entirely new defense, and that it could not be filed under the provisions of section 4162, Code of 1915. We there said:

"This statute is much like the Missouri statute upon the same subject, and the courts of that state uniformly hold that, where such an amendment is improperly allowed, it is the duty of the complaining party to either object to the filing or move to strike out such an amendment, and, in the event such motion is ruled against him, to stand on the motion and appeal in order to have the action of the court reviewed thereon; that, even though the amendment changes the cause of action and is a clear departure, if the party pleads over and goes to trial thereon, he waives his right to object (citing Missiouri cases). Under this rule, which we are persuaded is correct, the appellant waived his objections to the trial amendment by replying thereto and going to trial on same."

We think that the principle there announced is applicable here.

The only provision of the lease relating to the use of the premises is as follows:

"That all business transacted by the parties of the second part or their assignees in said building shall not be in violation of any law or statute of the state of New Mexico or of the United States and the violation hereof shall work a forfeiture of this lease, at the election of the party of the first part."

Appellants alleged facts and introduced evidence upon which they rely as showing that the real object of the lease was to enable the lessees to carry on the saloon business on the premises, and that the lessor was fully aware of and understood and agreed to such object, and that the whole transaction, which included, in addition to the lease, a sale by the lessor to the lessees of the furniture belonging to the rooming house on the leased premises, would have fallen through, under the agreement, if the lessees had been unable, with lessor's assistance, to obtain a saloon license.

Appellants' second proposition is stated by them as follows:

"Whether in a contract or lease, which was legal when made, and by operation of law the objects for which the

lease was made become unlawful can the same be enforced by either party?"

They urge the negative of this proposition, and cite Stratford v. Seattle Brewing & M. Co., 94 Wash. 125, 162 P. 31, L. R. A. 1917C, 931, where the lease contained a provision that "said lessees should not use said premises for any other purpose than that of saloon"; Heart v. East Tenn. Brewing Co., 121 Tenn. 69, 113 S. W. 364, 19 L. R. A. (N. S.) 964, 130 Am. St. Rep. 763, where the lease contained the provision that the premises were "to be used as a saloon or place for the sale of intoxicating liquors;" Kahn v. Wilhelm, 118 Ark. 239, 177 S. W. 403, where the lessee covenanted "that he would use said premises as a hotel and saloon, and for no other purpose whatever"; Greil Bros. Co. v. Mabson, 179 Ala. 444, 60 So. 876, 43 L. R. A. (N. S.) 664, where the restriction was "for occupation as a bar and not otherwise"; and Schaub v. Wright, 79 Ind. App. 56, 130 N. E. 143, where it was provided, "to be used and occupied by lessee for saloon purposes, and for no other purpose."

[2] We cannot, of course, consider a mere abstract proposition of law; hence we must look to the findings to determine whether we here have a case falling within the rule contended for and the authorities cited. The court found:

"VI. That the lease under which the defendants held said premises was silent as to the use as to which said premises were to be put by said defendants."

"VII. That it was known by the said John W. Thomas, deceased, at the time he leased said premises to defendants, that they proposed to use a portion thereof for the purpose of conducting a saloon, against the operation of which there was, at such time, no prohibition in the law, but there was no condition imposed by the said John W. Thomas, deceased, obligating or requiring the defendants to operate a saloon on any portion of said premises."

And made conclusions of law:

"II. That, the written lease executed between the parties being silent as to the uses to which said premises were to be put by the defendants, the said defendants were, under the terms thereof, permitted to use said premises for any lawful purpose."

"III. That, while the said John W. Thomas knew at the time of the execution of said lease that the said defendants purposed to operate a saloon in a portion of said premises, nevertheless his attitude was nothing more than permissive with reference to the operation of a saloon on said premises, and in no manner restricted or obligated said defendants to operate said saloon."

We thus find that the case presented to us by the court's findings is not at all within the supposed case which appellants argue, nor within the decisions cited. Appellants do not contend that in a case such as that made by the findings the taking effect of prohibition would avoid the lease, and we, of course, do not consider that question.

The foregoing disposes of the two points argued in the brief in chief. In the reply brief, appellants assume that the court disregarded, under the parol evidence rule, the evidence adduced by them in the effort to show that the real object of the lease, in the absence of which it would not have been made, was to enable the lessees to conduct a saloon on the premises. So asuming, they strongly present the proposition that it was competent to prove such object by parol. We do not think it necessary to consider this question. Indeed, upon the record before us, it would not be decisive. All of the evidence in question was objected to by appellees as violative of the parol evidence rule. The court, while seeming at times to agree with the objections, allowed all such evidence to stand, stating that only such would be considered as he deemed competent. No further rulings were ever had as to the competency of any of the evidence, and it is impossible to determine with certainty whether any of it was disregarded by the court. It is certain that some of it was considered; otherwise there would be no basis for findings Nos. VI and VII and so-called conclusions II and III. In announcing his decision after the argument, at the close of the hearing, the court said:

"The court in this case has been very liberal to the defendant and allowed him to introduce a great deal of evidence that I think, under the strict rules, probably should not have been introduced. Certainly, if I had been trying this case before a jury I wouldn't have allowed some of it to go in, but the court can consider all the evidence

that has been put in by the defendant and still find, I think, that he hasn't made out a defense to the action as set out in plaintiff's complaint and sustained by his evidence. I don't think there is much conflict in the law or in the evidence. The evidence shows that when this lease was made it was an unrestricted lease. The defendant was at liberty to use the premises for any use that he saw fit. The plaintiff did not guarantee that he should always use it for a saloon, or did not restrict him to that use of the premises. It seems to me very clear that, if both parties had agreed by the lease that it was only to be used for saloon purposes, then there would be no question but what the court would have to find for the defendant. But the fact is that they did not agree that this property should be productive and he should always make money by the operation of a saloon and that he was simply aided in the starting of a saloon. But he could not guarantee, or, at least, he did not guarantee, that the laws would always be favorable to the saloon or that conditions would not change. I do not see any particular difference between, say, that the law makes a business unprofitable, or if conditions should arise that would render business unprofitable according to the application of his lease. Suppose I should lease today, for a perod of 10 years, a building to the telephone company, without any restrictions, and I go ahead and fit it up for the telephone business, and it should be a building suitable for that purpose, but in a few years the radios had so developed that they put the telephone out of business; I don't think the lease to that property could be forfeited. I don't see anything else to do, gentlemen, but to find for the plaintiff for the amount claimed and the amount proven by the evidence."

While these remarks do not entirely clarify the situation, it is apparent therefrom, as well as from the findings and conclusions referred to, that appellants are not justified in their assumption that the court disregarded their evidence. It rather appears, as we think, that the evidence was considered and held not to furnish basis for appellants' contention. The court apparently decided upon the evidence that the lessor's attitude toward a saloon business on the premises was merely "permissive," and that he "simply aided" the lessees in starting it.

[3] It thus appears that both points argued by appellants touching the merits of the case are based upon incorrect assumptions, and neither directs us to any error. We might stop here; but, inasmuch as we have carefully read the transcript, it may be well to

say that the findings are, in our opinion, supported by substantial evidence, and are therefore conclusive in this court.

The judgment must be affirmed, and it is so ordered.

PARKER, C. J., concurs.

BICKLEY, J., being disqualified, did not participate in this opinion.