156 P.2d 790

**HENKEL v. HOOD et al. (CAIN et al., Third Party Defendants).**

No. 4834.

Supreme Court of New Mexico.

March 8, 1945.

Appeal from District Court, Dona Ana County; Charles H. Fowler, Judge.

Action by J. R. Henkel, administrator of the estate of Madel T. Henkel, deceased, against Allan T. Hood and G. R. Alexander for the wrongful death of deceased allegedly resulting from the negligence of defendants in parking a truck on a highway at night, wherein Benjamin Cain, doing business as Cain's Truck Lines, and W. P. Thornley were made third party defendants. From a judgment dismissing the cause of action on ground that plaintiff was not entitled to maintain the action, plaintiff appeals.

Holt & Holt, of Las Cruces, for appellant.

Whatley & Garland, of Las Cruces, for appellees Hood and Alexander.

J. B. Newell, of Las Cruces, and Jones, Hardie, Grambling & Howell, of El Paso, Tex., for appellees Cain and Thornley.

MABRY, Justice.

This is an appeal taken by plaintiff below from a judgment dismissing the cause of

action upon the ground that the party suing was not entitled to maintain the action.

The action was brought under 1941 Comp. § 24-101, for the alleged wrongful death of Madel T. Henkel, wife of the plaintiff. It was alleged in the complaint that the death arose through the negligence of defendants in parking a gasoline transport truck on a highway at night without setting out lighting or signal devices. The facts in the case and the character of the pleadings need not be particularly noticed. The decision must turn upon the question whether plaintiff is the proper party to sue.

Section 24-103 provides that: "Every such action as mentioned in section 1821 (§ 24-101) shall be brought *by and in the name or names of the personal representative or representatives of such deceased person * * *.* The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: Provided, he or she shall have left a husband, wife, child, father, mother, brother, sister, or child or children of the deceased child, but shall be distributed as follows: * * *". (Emphasis ours.)

The decision in this case turns upon the single point as to what construction shall be given the above italicized language of Section 24-103. Plaintiff, the husband of the deceased, was, after the death of his wife, appointed in Texas, the state of his residence, as the "community administrator", as distinguished from a general administrator, common to our state and to most other states.

It appears that under the Texas statutes, Art. 3664 to 3669, incl., of the Revised Civil Statutes of Texas, 1925 Rev. a unique provision is found for both a community administrator, or community survivor, as well as, under some circumstances, a general administrator, whose functions, since they relate also to the administration of the separate estate, differ. It appears that the authority of the community administrator as distinguished from that of the general administrator or executor is limited to the control, management, and disposition of the community property, including the right to sue with regard to the same, in the same manner he could have acted during the life of the deceased; whereas the authority of the general administrator, or executor, of the estate of the deceased may, under the Texas act, extend to not only the community property, where there is no "community administrator", but to the separate estate of the deceased as well.

It is the contention of defendants, not that a general administrator, or executor, appointed under the Texas statute would be an improper party plaintiff to bring the suit in question, but that plaintiff, appointed only as the community administrator, would not have such authority. Their contention is that we must look to the Texas statute for a definition of the *duties* of the plaintiff under his appointment, in order to determine whether he comes with-

in the New Mexico statutory definition of "personal representative" of the deceased. Whereas it is the contention of plaintiff that the Texas law governs only to the extent that it may be looked to to determine whether plaintiff, relying upon his appointment in that state as a community administrator, comes within the term "personal representative", and that we do not inquire further; i. e., it does not become important to ascertain the exact limitations of authority under the Texas statute of such administrator.

Since the character of plaintiff as a personal representative under our statute is entirely foreign to and unconnected with his character as estate administrator, whatever authority he might have as such administrator is unimportant; and, since his authority to bring and maintain the action flows from the wrongful death statute itself and not from the probate, or estate, laws of this or any other state, it is incorrect to say that his power to sue in this connection should be tested by his authority to administer generally the estate of the deceased in the state issuing the letters.

It cannot be said that since New Mexico does not provide, as does Texas, for a community administrator, we must look to the latter state to determine what authority plaintiff had generally to administer the estate there. We are concerned merely with determining whether plaintiff is, within the contemplation of the New Mexico statute, such a "personal representative" as might maintain the action at bar.

And, in this connection, it is well to notice how courts hold, with almost complete unanimity, that the fact that some statutes name the administrator or executor of the estate of the deceased as the person to sue is not to say that the recovery had belongs to the estate, is to be in any way involved in the estate, as such, is answerable for its debts, Sec. 24-103 supra, or must, in any sense, be accounted for to the estate by such a representative, absent a situation calling for escheat to the state, one not present here.

The suit, under this act, clearly, has no relation to the estate. It is incidental that a "personal representative" (usually defined to be an executor or administrator, in one of the classes) is named to bring suit. It is not because this would fall within his duties as such, but because someone must be named and our Legislature has fixed upon such a person as the one to sue.

As was said in Wilson v. Pollard, 190 Ga. 74, 8 S.E.2d 380, 382: "In determining whether or not the word 'administrator' in the Code, § 105-1309, embraces a 'temporary administrator,' it is important to consider the legislative purpose in enacting the law. No special rights are conferred upon the administrator or executor, nor is there imposed upon such administrator or executor a single duty or responsibility to be performed in a representative capacity.

The sole purpose of the legislature in using the words 'administrator or executor' is to designate an agency for the prosecution of the suit thereby provided for. Manifestly there is no intention to involve the estate represented by such administrator or executor ,in the suit provided for in this section. Any recovery in such a suit is the property of the relative for whose benefit the suit is brought, and it at no time constitutes a part of the estate of the decedent. * * * The suit here involved places no responsible duties on the administrator, but simply identifies a person in whose name the suit must be maintained for the benefit of those entitled to recover under the act. * * * The word 'administrator' as used in the statute is unrestricted and unlimited. It necessarily follows that *any administrator is included,* and therefore that a temporary administrator is a proper party to bring suit under the Code, § 105-1309." (Emphasis ours.)

Applying the doctrine above announced, and which seems to be in harmony with the authorities, see 25 C.J.S., Death, page 1105, § 33, and page 1169, § 58, subsec. a, citing cases as authority for the statement that the personal representative is a mere formal party, a statutory trustee as it were; Dennick v. Central R. Co. of New Jersey, 103 U.S. 11, 26 L.Ed. 439; Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co., 275 U.S. 161, 48 S.Ct. 73, 72 L.Ed. 216, 59 A.L.R. 758; Anderson v. Louisville & N. R. Co., 6 Cir., 210 F. 689, 127 C.C.A. 277. .

The term "personal representative" is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action. The important thing is that the action shall not fail because of the absence of a party capable of suing. As was said in the case of Chicago, R. I. & P. R. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 423, 70 L.Ed. 757, 53 A.L.R. 1265, in discussing whether the widow, or the personal representative, was the proper party to be impleaded: "The essential consideration is that it is the right of the widow, and of no one else, which was presented and adjudicated in both courts."

"It is not difficult to suggest reasons why the term 'personal representative,' as used in this statute, should not be limited so as to exclude special administrators. The action given by the statute must be brought within two years next after the wrongful act or omission, and it might well happen in some cases that the death of the decedent would not result until nearly two years after the occurrence of the act or omission causing his death, and too late to secure the appointment of a general administrator before the action would be barred. In other cases there might be protracted litigation over the appointment of an executor or administrator, for such length of time as to prevent his appointment before the expiration of the time in which the action must be brought. An intention in such cases to deprive the widow and children of the decedent of all benefit of the statute can-

not be imputed to the Legislature, unless the language of the statute leaves no other reasonable alternative." Jones v. Minnesota Transfer R. Co., 108 Minn. 129, 121 N.W. 606, 607.

If and when we can say that such administrator as we have here answers the purpose of the statute, in that he is, in some sense, a personal representative of the deceased, he meets the requirement. And this is so whether he be a special administrator, an administrator de bonis non (25 C.J.S., Death, page 1172, § 58), or whatever may be the limitations or restrictions upon his authority to manage or administer the estate.

"The fact that the personal representative entitled to recover under both the state and the federal Employers' Liability Acts for the benefit of the beneficiaries named in these acts may be the administratrix of the deceased employee, for whose homicide the administratrix may recover, does not imply that the right to recover is in the administratrix *as such,* and as representative of the estate of the deceased employee, and for the benefit of the legal heirs and creditors of such estate, but the *'personal representative'* of the deceased employee *is merely the individual designated by these statutes as the person having the right to maintain the suit and recover."* (Emphasis ours.) Cooper v. Cooper, 30 Ga.App. 710, 119 S.E. 335.

The term has been held to include trustees in insolvency and receivers. In re

Wilcox & Howe Co., 70 Conn. 220, 39 A. 163, cited in 32 Words and Phrases, Perm.Ed., "Personal Representative", p. 368.

The term "personal representative" in these statutes means the executor or administrator, and includes a temporary, special, or ancillary administrator, and an administrator de bonis non on refusal of the administrator to sue. The term may, under appropriate circumstances, says the court in Wells v. Bente, 86 Mo.App. 264, even include a mortgagor's grantee, immediate or remote.

See 25 C.J.S., Death, page 1172, § 58, Notes 32–36, citing cases.

A comprehensive statement of the definition and application of the term "personal representative" as used in wrongful death cases is to be found in 16 Am.Jur. 186, § 266, and is as follows:

"Sec. 266. Capacity in Which Personal Representative Brings Action.—In actions in the name of a personal representative under statutes requiring him to bring the action for the benefit of certain persons, *he is a mere nominal party,* having no interest in the case for himself or the estate he represents. *He does not act in his capacity as executor or administrator,* or representative of the decedent's estate, *but sues as a trustee on behalf of the particular persons designated in the act,* * * *."* (Emphasis ours.)

And at page 170, § 249 of 16 Am.Jur., the following language appears: "Sec. 249

—Debts of Decedent.—Under this rule, the damages recovered do not constitute assets of the estate of the deceased, and the creditors of the deceased are not entitled to share therein."

And to the same effect, see cases cited in 32 Words and Phrases, Perm.Ed., "Personal Representative".

"It is further conceded that when a cause of action for death is so prosecuted by a personal representative under the act (Federal Employers' Liability Act), any recovery made in said action is not strictly speaking a part of the 'estate' of the deceased, as it is not subject to the payment of the debts of the deceased and is not distributable under the laws of intestate succession or according to the terms of the will of the deceased but such recovery is made by the personal representative as a *statutory trustee* solely for the benefit of the persons specified in said act." (Emphasis ours.) In re Waits' Estate, Cal.App., 140 P.2d 857, 858, 859, citing cases.

It is not contended that a general executor, or administrator, so appointed under the laws of Texas, would not thereby be empowered to maintain this suit in New Mexico. Plaintiff's credentials are challenged upon the ground that he is an administrator with such limited powers, powers confined to managing and administering the community property only, that he does not meet the New Mexico statutory definition of a "personal representative". To accept defendants' method of defining the term would be to resolve the definition thereof by the yardstick of *powers exercisable* under the Texas statute, a wholly incorrect method, we think. The capacity to sue, "including those acting in a representative capacity * * * shall be determined by the law of this state". 1941 Comp. § 19-101, Rule 17(b).

We would be called upon to resolve this important matter upon highly technical grounds indeed, were it to be said that, while an administrator with overall power over *both* the community and separate estate would qualify under the definition, one with power over only a portion of it, the community portion, would not. No case has been called to our attention which would afford support to so narrow a construction and so unreasonable a distinction.

It is unimportant that the community administrator would not have had the power to bring this suit in Texas, if as much could be said. We do not test the power of plaintiff by the laws of Texas, but by those of New Mexico. We look to the Texas appointment only to determine whether plaintiff's status is such as will meet the rather broad definition, "personal representative"; not a "personal representative who would have power to prosecute such a suit in Texas" as is contended for by defendants.

And, it is likewise unimportant that plaintiff would have no authority to collect and disburse funds *as* such administrator. Obviously, the funds become no part of the community estate. And, like-

wise, if he were the general administrator, under which circumstances defendants say the objection would be met, he would still act by virtue of the trustee relationship.

It has been suggested that because under the provisions of 1941 Comp. § 24-103, if the decedent left no kindred or beneficiaries of the favored classes, the proceeds of any recovery would become liable for estate debts, or, conceivably, might escheat to the state, the Legislature must have intended, in authorizing the "personal representative" of the decedent to bring the suit, to confine the action to a general administrator or personal representative charged with the duty of administering and distributing the estate of a decedent under every eventuality. So to hold, it seems to us, would be to let the tail wag the dog.

The instances in which a decedent dies heirless are so rare as to be infinitesimal in number. It seems obvious from a reading of section 24-103 that before the proceeds of any such recovery would become subject either to estate debts or escheat, there must have been left no husband, wife, child, father, mother, brother, sister, or child or children of any deceased child; if, indeed, the statute does not require exhaustion of the whole scale of inheritance, ascending and descending, without finding an heir. Note the line of succession directed in Section 24-103, supra.

"The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: Provided, he or she shall have left a husband, wife, child, father, mother, brother, sister, or child or children of the deceased child, but shall be distributed as follows: * * * if there be no father, mother, husband, wife, child, or grandchild, then to a surviving brother or sister, or brothers or sisters, if there be any; *if there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons."* (Emphasis ours.)

Thus, the personal representative who makes a recovery under the Act, in the overwhelming number of cases arising, serves as a trustee, a "statutory trustee", for discoverable and identifiable beneficiaries in the line of named kinship or descent. Nevertheless, by express mandate of the Act, he is none the less a trustee for the state and for estate creditors where none of the named kin were left, or the line of descent runs out and exhausts itself in the fruitless search for an heir. This is rendered clear by the italicized language of the statute quoted, supra.

Now, the pertinent question presented by such suggestion is whether, with the survival of one of the favored classes made known to the court by the appearance of one of them as personal representative under appointment as community survivor in Texas, following the death of the wife, we should hold him denied character as

the kind of personal representative in the legislative mind, by reason of the remote possibility that before the proceeds of any recovery could be distributed such proceeds might possibly become distributable by a general administrator.

We decline so to hold. If the person bringing the action fairly answers the description of a personal representative, and is by the Act itself made a trustee for distribution to creditors, or to the state, in the remote instances where such distribution might be called for, even though ordinarily a general administrator would be the more logical person to make such distribution, it would be a sacrifice of substance to form and wholly out of harmony with the worthy and beneficent purpose sought to be served by the statute, to supply so narrow a legislative purpose by intendment.

It might be said that should the case be dismissed upon the point here urged, the statutory beneficiaries might be without remedy to further prosecute the case in view of the likelihood that the one year statute of limitations, 1941 Comp. § 24-102, has run. It is conceded the statute has run unless the cause may be saved by the application of 1941 Comp. § 27-113, which provides that a new suit may be commenced within six months after the plaintiff's case has failed for any cause "except negligence in its prosecution", when the second suit shall be deemed "a continuation of the first". We express no opinion upon the applicability of this statute to the case at bar. This situation is noticed at all merely for the purpose of emphasizing the severe penalty which might result if the dismissal be sustained upon the highly technical ground urged.

The trial court erred in dismissing the complaint. The judgment dismissing is therefore reversed, and the cause is remanded with direction to reinstate the cause, to set aside the judgment heretofore rendered and to proceed thereafter in a manner not inconsistent with this opinion; and it is so ordered.

SADLER, C. J., and BRICE and LUJAN, JJ., concur.

BICKLEY, Justice (concurring specially).

The correctness of some of the conclusions stated in the foregoing opinion may be doubted. When the Legislature employed the phrase "personal representative" they meant executor or administrator of the estate of the deceased. The fact that the existence of beneficiaries other than the favored class specifically mentioned, or of creditors if the entire class of beneficiaries were exhausted, would be remote does not change the picture. The "personal representative" mentioned is the administrator or executor known to the laws of New Mexico, authorized to act in behalf of the law for the benefit of all concerned, however remote such interests

might appear to be at the time of the appointment, under such safeguards of bond and other restrictions as by law provided.

It is to be doubted whether any kind of a foreign administrator was contemplated. Indeed, it may be doubted whether since the enactment of L.1929 Ch. 145, providing for ancillary letters of administration, a foreign administrator not taking out ancillary letters here may sue.

It would be without present value to elaborate these suggestions.

I concur in the result, and am in the main brought to this conclusion by the principles that an objection based upon plaintiff's incapacity to sue should be taken advantage of by defendant at his first opportunity, and that ordinarily defendant admits plaintiff's capacity to sue when he pleads to the merits. 47 C.J., Parties § 345; 30 Am.Jur., Parties § 105 et seq. Cf. Salazar v. Garde, 37 N.M. 352, 23 P.2d 370; Thomas v. Pavletich, 31 N.M. 76, 239 P. 862. I do not think these principles have been done away with by our rules of procedure.

The reason doubtless for the rule that the defendant must urge such an objection at his first opportunity is that the party in interest ought to have an early opportunity to correct the error, if any, in selecting a proper party plaintiff at an available time.

This cause of action arose upon the death of the deceased July 28, 1942; the original complaint was filed November 23, 1942; answer to the merits was filed December 28, 1942; thereafter such proceedings were had as resulted in amended complaint being filed May 28, 1943. Answer to amended complaint was filed June 3, 1943. By stipulation an amendment was made to the amended complaint August 9, 1943. Up to that time all of the pleadings were directed to the merits of the alleged cause of action. The motion to dismiss the plaintiff's complaint on the ground, among others, that the plaintiff was not authorized to sue was filed August 11, 1943, after, as suggested in the main opinion, the time for filing suit would have elapsed. It is my opinion that these delays by the defendant in raising the point that plaintiff was not authorized to sue amounted to a waiver, and if the parties in interest were prejudiced by the delay, as for instance, that it would be too late for them to select a proper party plaintiff, would amount to an estoppel. It would seem unjust to allow such a purely technical advantage to a dilatory defendant. These considerations and lack of prejudice to defendant aid me in yielding concurrence in the result.