### THE STATE V. THOMAS MANSKER.

1. Indictment for permitting a game of cards to be played at a house for retailing spirituous liquors, laying time and place, charged that the defendant "did permit W. and D. to play a game of cards in a house under "his control, known as the Occidental Saloon, which said game of cards "was then and there prohibited by the statutes, and which said Occidental 'Saloon was a house where spirituous liquors were then and there sold, "contrary to law and against the peace and dignity of the State." *Held*, that the indictment fails to charge any offense. The words, "Occidental "Saloon," do not describe a public house, or a house for the retailing of spirituous liquors.

2. A house or room used for the purpose of retailing spirituous liquors is sometimes improperly called a saloon, but this improper use of the word can impart to it no legal signification; neither can the further description, that the saloon was a house where spirituous liquors were sold, be interpreted to mean a house for retailing spirituous liquors.

APPEAL from Erath. Tried below before the Hon. J. P. Osterhout.

There is no occasion for a statement of the facts.

*Wm. Alexander, Attorney-General,* for the State.

*T. L. Nugent* and *Wheeler & Moore,* for appellee.

OGDEN, J. The appellee was indicted for permitting a game of cards to be played "in a house under his control, known as "the Occidental Saloon, which said game of cards was then "and there a game prohibited by the statute, and which Occi-"dental Saloon was a house where spirituous liquors were then "and there sold."

On motion of appellee the indictment was quashed and the District Attorney has appealed.

We are not aware that the playing of a simple game of cards is prohibited by our statute. The playing of cards for amusement becomes unlawful only when played at certain places at

which said playing is prohibited by the statute, and the only question for determination in this case is, does the indictment charge the appellee with permitting the game of cards to be played at one of those places where the playing of cards is prohibited. The statute prohibits any person from playing any game with cards, at any house for retailing spirituous liquors, store-house, tavern, inn, or any other public house; and by a further provision of the statute, if any person shall permit any of the prohibited games to be played in his house, or a house under his control, he shall be fined, etc.

Is the house described in the indictment one of the houses where card-playing is prohibited? Certainly the Occidental Saloon is no description of any one of those houses, since that might be the name of a private parlor or residence, a room for the reception of company, or for works of art, or a place for refreshments alone. It is true that a house or room used for retailing spirituous liquors is sometimes improperly called a saloon, but this improper use of the word cannot impart to it any such legal signification; neither can the further description that "said Occidental Saloon was a house where spirituous liquors "were then and there sold," be interpreted to have the same meaning as a house for retailing spirituous liquors. The Occidental Saloon, so far as the indictment informs us, may be a house for wholesaling spirituous liquors, or it may be a private saloon where one gallon or barrel of liquor was then and there sold; and if either supposition be true, the indictment is fatally defective, and the court did not err in quashing the same. The indictment is not sufficiently definite to charge the offense of permitting card-playing in a house for retailing spirituous liquors, and the judgment of the court is affirmed.

Affirmed.