JOHN GOOZEN v. LEVI L. PHILLIPS.

*" Saloon "—Pool-tables not exempt from execution.*

A. saloon is supposed to be a place for obtaining refreshment; and a pool table belonging to it is not, as matter of law, exempt from execution as apparatus necessary to enable the saloon-keeper to carry on his business.

Case made from Kent. Submitted June 16. Decided June 21.

REPLEVIN. Defendant had judgment below. Affirmed

*John C. Quinsey* for plaintiff. Saloon fixtures are exempt from execution as apparatus necessary to enable the saloon-keeper to carry on his business: *Maxon v. Perrott* 17 Mich. 332; and the defendant can select whatever he regards as most necessary for that end: *Wyckoff v. Wyllis* 8 Mich. 48; *Smalley v. Masten* 8 Mich. 529; *Elliott v. Whitmore* 5 Mich. 532.

*Sliter & Rodgers* and *Everett D. Comstock* for defendant. The exemption of tools from execution only covers those that are employed in legitimate business: *Walsch v. Call* 32 Wis. 159; Thompson on Homesteads § 767; Herman on Executions § 104; Freeman on Executions 237.

Cooley, J. This is replevin for property described as "one pool table, consisting of six pockets, four legs, cues and triangles," which the defendant as constable levied upon by virtue of an execution against the plaintiff. The only question in the case is whether the plaintiff was entitled to hold the property, exempt from execution, as tools, implements, materials, stock or apparatus, to enable him to carry on his occupation or business.

The occupation or business of the plaintiff at the time the levy was made is shown to have been that of a saloon-keeper. A saloon is supposed to be a place where persons who call for them are supplied with refreshments; and unless a pool table has a place among the tools, implements, stock or apparatus, necessary or convenient to be used in the supply of refreshments to customers, we know of no ground for holding it exempt under the statute. The circuit judge has found the facts, and has not found that the pool table has any necessary or proper connection with the saloon business. It follows that the judgment which was given for the defendant must be affirmed with costs.

Graves, C. J. and Campbell, J. concurred.