Opinion delivered May 18, 1887.

---

No. 5265.

SAM EARLY *v.* THE STATE.

PLAYING CARDS —"SALOON"—"HOUSE FOR RETAILING SPIRITUOUS LIQUORS"—INDICTMENT charged in one count that the accused played at a game with cards "at a house for retailing spirituous liquors," and in another count alleged the place as "a certain room attached to a house for retailing spirituous liquors." The proof is that the game was played in a room over a store-room in which spirituous liquors were "sold," and that there was no immediate connection between the "saloon where liquors were sold and the upper room" where the cards were played. *Held* that the offense was well charged in each count of the

indictment, but the proof fails to support the conviction because it fails to prove that liquors were *retailed* anywhere. A *sale* does not import a *retailing*, nor does the word "saloon" designate a house for retailing spirituous liquors.

APPEAL from the County Court of Parker. Tried below before the Hon. B. L. Richey, County Judge.

A fine of twenty dollars was the punishment adjudged against the appellant. All material facts are disclosed in the opinion of the court.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. By one count in the indictment appellant was charged with "playing at a game with cards at a house for retailing spirituous liquors," and by the other that he did "unlawfully play at a game with cards in a certain room attached to a house for retailing spirituous liquors." A statutory offense is sufficiently charged by either of these counts. (Penal Code, arts. 409 and 410 ; Tummins v. The State, 18 Texas Ct. App., 13 ; Bacchus v. The State, Id., 15.) In each count the offense is made to depend upon the fact that it was committed in connection with a house for retailing spirituous liquors, and it consequently became essential to a valid conviction under one or the other of these counts to prove that the playing was done at either a house for, or in a room attached to a house for, *retailing* spirituous liquors.

The proof is that the playing took place in a room over a store room in which spirituous liquors were sold, but whether sold at wholesale or retail we are not informed. If at wholesale, then the fact that liquor was or was not sold in the store house would cut no figure in the matter. Again, the witness says "there was no immediate connection between the *saloon* where liquors were sold and the upper room where he saw the cards played." He does not say where spirituous liquors were *retailed*, but in a *saloon* where liquors were *sold*. Now, does the word *saloon* necessarily imply that it is,—or is the word convertible with the expression,—"a house for retailing spirituous liquors?" We think not, and the authorities in effect have declared otherwise

in this State. (State v. Mansker, 36 Texas, 364; Jackson v. The State, 16 Texas Ct. App., 373).

In that the testimony does not prove the allegation in either of the counts in the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*