# TEXAS COURT OF APPEALS REPORTS.

---

## E. M. CURRY v. THE STATE.

### No. 6752.   Decided April 19.

1. **Local Option.**—Article 3229 of the Revised Statutes, authorizing the Commissioners Court, in certain contingencies, to order an election under the local option law, provides that the order shall require that the election be held not less than fifteen nor more than thirty days from the date of said order.   Enumerating the requisites of said order the said article further provides that it (the order) shall then be held to be *prima facie* evidence that all the provisions of law necessary to give it validity, etc., have been fully complied with.   Article 3233 provides for a special session of the Commissioners. Court for opening the polls, counting the vote, and, by order, promulgating the local option law if carried; and further provides that such order shall be held to be *prima facie* evidence that all the provisions of law have been complied with in giving notice of and in holding said election, counting and returning the votes, and declaring the result.   Construing these statutes, the court holds that the special provisions making certain orders *prima facie* evidence that antecedent statutory prerequisites have been complied with, were not intended to and do not operate to make that a valid law which was void *ab initio*.   The proof in this case shows that the order for the local option election required, and that the election was in fact held more than thirty days after the date of the order.   *Held*, that the election was wholly void, and that the law did not become operative in the district designated in the order.

2. **Same.**—Article 3239a provides for a contest of a local option election at any time within thirty days by any qualified voter of the locality in which it was held.   The said article, however, can not be held to abridge the right of a person to show the law to be void, at any time when it is sought by prosecution to hold him amenable for its violation.   Punishment can not be inflicted for the violation of a void law.

APPEAL from the County Court of Dallas.   Tried below before Hon. E. G. Bower, County Judge.

The penalty assessed against appellant was a fine of $25, and confinement in the county jail for twenty days.

*Kearby, McCoy & Hayter*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.   This appeal is from a conviction for a violation of the local option law.

It is insisted that the pretended local option law under which he has been convicted is absolutely void, because the election at which it was

purported to be adopted was held at a time when such an election could not only not be held, but was actually prohibited by our law. In other words, that said pretended election was ordered to be held and was held more than thirty days from the date of the order of the Commissioners Court ordering the holding of the same. The evidence shows that the order for the election was made and entered by the Commissioners Court on the 14th day of May, 1889, and the said order required the election to be held on the 15th day of June, 1889, which was more than thirty days after the date of said order, and that said election was held on said 15th day of June, 1889.

Our present statute is the one which was in force at the date said order was made, and it expressly fixes and regulates the time of ordering such election as follows, viz.: "Article 3229. When the Commissioners Court of their own motion, or upon the petition as provided for in article 3227, shall order the election as herein provided for, it shall be the duty of said court to order such election to be held at the regular voting place or places within the proposed limits upon a day not less than fifteen nor more than thirty days from the date of said order; and the order thus made shall express the object of such election, and shall be held to be *prima facie* evidence that all the provisions of law necessary to give it validity, or to clothe the court with jurisdiction to make it, have been fully complied with." Acts 20 Leg., p. 96; Sayles's Civ. Stats., art. 3229; Willson's Crim. Stats., sec. 630, art. 3229. Article 3233 provides for the special session of the Commissioners Court for opening the polls, counting the votes, and making an order of court declaring the result, and absolutely prohibiting the sale of intoxicating liquors, etc.; and it is further provided in said article that "the order thus made shall be held to be *prima facie* evidence that all the provisions of law have been complied with in giving notice of and holding said election, and in counting and returning the votes, and declaring the result thereof."

Article 3239a provides for a contest of said election at any time within thirty days by any qualified voter of the locality in which it was held.

We have referred to these statutes for the purpose of showing how far the Legislature has gone in obviating proofs of a strict compliance with the prerequisites of the statutes in cases where the validity of such elections is contested or brought in question. Certain orders are made *prima facie* evidence that antecedent statutory prerequisites have been complied with, and their introduction by the State would devolve upon a defendant or party attacking the validity of the election the burden of disproving such *prima facie* evidence. But we do not understand that the Legislature ever intended more than this. We do not understand that they could or did intend that such subsequent orders could cure direct and positive violations of the law in its most essential particulars with reference to the holding of such elections. In other words, that the mere

entry of certain orders by the commissioners could nullify the plain letter of the law, and make that a valid and binding law which was void *ab initio*. We can see many and good and sufficient reasons why our statute has provided that such election shall be ordered "upon a day not less than fifteen nor more than thirty days from the date of said order." But if there were no such reasons apparent, the rule *ita lex scripta* unquestionably applies where such power of special legislation is delegated to other authority than the legislative department. In such cases there must be strict conformity to the requirements of the law in the exercise of such delegated authority, or the action will be void. Boone v. The State, 10 Texas Ct. App., 418; Willson's Crim. Stats., sec. 632.

Under the facts shown by the record we are constrained to hold that the election for local option in the town of Lancaster, Dallas County, Texas, held on the 15th day of June, 1889, is void because held more than thirty days after the date of the order of the Commissioners Court ordering the holding of the same.

The fact that article 3239a gives to any qualified voter of the local option district the right to contest the validity of such election within thirty days does not in any manner affect the rights or deprive any one at any time of the right to show that the law is void, when it is sought by prosecution to hold him amenable for its violation. A citizen can never be legally punished for a violation of a law which is itself void.

Because appellant has been convicted for the violation of a law which was never legally adopted or enacted, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.