## THE BREWER & HOFMANN BREWING COMPANY

*v.*

## JOHN T. BODDIE.

*Opinion filed October 13, 1899.*

1. WORDS AND PHRASES—*word "saloon" does not necessarily mean a dram-shop.* The word "saloon" may or may not mean a place for the retail of spirituous liquors.

2. CORPORATIONS—*when lease for saloon is not ultra vires corporation.* A lease of premises to be occupied for "saloon" purposes, without specifying what shall be sold there, is not *ultra vires* a corporation authorized to manufacture and sell soda water, although it has no power to rent a saloon for the sale of intoxicating liquors.

3. LANDLORD AND TENANT—*when lease for "saloon" is not void so as to excuse payment of rent.* A lease of premises for "saloon" purposes, entered into by a corporation authorized to manufacture and sell soda water, is not void so as to preclude the collection of rent, although the corporation sells intoxicating liquors on the premises in excess of its chartered powers.

*Brewer & Hofmann Brewing Co.* v. *Boddie*, 80 Ill. App. 353, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

EDWARD MAHER, and ROBERT F. KOLB, for appellant.

LOESCH BROS. & HOWELL, and FREDERICK PEAKE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant is a corporation organized under the laws of this State "to carry on a general brewing and malting business and manufacture and sell soda waters in the city of Chicago." On February 3, 1893, it entered into a written lease from appellee to it and others for a period of five years, by which it agreed to pay appellee the rent stipulated in the lease, in monthly payments of $500 each, for the premises, which by the terms of the

lease were "to be occupied for saloon and no other purpose whatever." The evidence showed that for a part of the term appellant occupied and used the premises as a restaurant and general saloon, in which it sold whisky, cigars, beer, cider, soda water and pop. It then vacated the premises and offered to surrender them to appellee, and, having paid the accrued rent, refused thereafter to pay the rent subsequently accruing from month to month under the lease. This suit was then brought to recover a part of such rent.

The principal defense set up by plea and relied on at the trial and on this appeal was and is, that the lease was *ultra vires* the corporation; that the lease contract was a continuing one, and was unperformed and unexecuted as to the rent sued for, and that appellant was not bound by it. No other question has been presented here by either side. The trial court refused all the instructions requested on either side, and, after overruling the motion for a new trial, gave judgment on the verdict of the jury against appellant for the rent sued for, which judgment the Appellate Court has on writ of error affirmed.

Had appellant confined the use of the premises to the sale of soda water it would certainly have been acting within the scope of its charter, but it had no power to engage in the business of retailing intoxicating liquors or to rent and carry on a liquor saloon. We cannot, however, say, as a matter of law, that the word "saloon," as used in the lease, meant a place where intoxicating liquors were to be sold and not a place for the sale of soda water. There may be many different kinds of saloons, and the lease is wholly silent as to the kind of saloon for which the premises were to be used. A saloon may or may not mean a place for the retail of spirituous liquors. (*Snow* v. *State*, 50 Ark. 561; *Springfield* v. *State*, 13 S. W. Rep. 752; *State* v. *Mansker*, 36 Tex. 365.) Places for the retail of spirituous liquors are in the statutes of this State generally termed dram-shops or tippling houses.

The premises were used by appellant partly for purposes permissible by its charter and partly for purposes not so permissible. If appellant had covenanted to carry on in the premises the business of a retail liquor dealer it would not have been bound by such covenant, for the reason that it had no power to engage in that business and consequently no power to bind itself to do so. But it had power, incidental to its express powers, to rent the premises as a place, or even a saloon, in which to sell its soda water, and if, in addition to the sale of soda water, it retailed intoxicating liquors and kept a dram-shop or tippling house, its lease contract with appellee was not thereby rendered void. Whether or not it would be liable to the State to forfeit its charter is a question not involved in this suit. The appellant would certainly not be permitted to say that because it had used the premises for a business which it had no power by its charter to carry on, its contract to pay rent is void and cannot be enforced against it. It had the power to rent the premises for its legitimate business, and could not avoid its contract by using the premises for other business not authorized by its charter. Thus, we have held that a corporation having power to borrow money can not evade payment on the ground that it expended the money in prosecuting a business which, though in itself not immoral or illegal, it had no authority to carry on, even though the lender knew the money was to be expended in such business. *Bradley* v. *Ballard*, 55 Ill. 413.

We are referred to *McNulta* v. *Corn Belt Bank*, 164 Ill. 427, and other authorities, as sustaining the proposition that so far as the contract remains executory the corporation may avail itself of the defense here relied upon. We cannot hold, however, upon the record before us, that the lease in question was *ultra vires* this corporation, and need not, therefore, consider whether it was executory or not.

We find no error, and must therefore affirm the judgment of the Appellate Court.        *Judgment affirmed.*