[Civ. No. 3516. Second Appellate District, Division One.—February 17, 1922.]

## INDUSTRIAL DEVELOPMENT AND LAND COMPANY (a Corporation), Appellant, v. MAX GOLDSCHMIDT et al., Respondents.

[1] LANDLORD AND TENANT — LEASE RESTRICTIVE AS TO BUSINESS — EFFECT OF LAW PROHIBITING BUSINESS.—A lease restrictive in its terms as to the business permitted to be done upon the premises becomes inoperative upon the event that the law shall prohibit the doing of that business.

[2] ID.—LEASE OF PREMISES FOR LIQUOR BUSINESS—CONSTRUCTION OF LEASE—EFFECT OF PROHIBITION AMENDMENT.—A lease wherein the lessees agreed that they would use and occupy the leased premises "for the purpose of conducting thereon a general winery or wholesale or retail liquor business" and that they would not "suffer or permit the said premises or any part thereof to be used for any other purposes than the purposes . . . recited," was restrictive in its terms, and such lease became inoperative as against the lessees on the taking effect of the prohibition amendment.

[3] ID.—TERMINATION OF LEASE—VACATION OF PREMISES—LIABILITY FOR SUBSEQUENT RENTS.—The lessees under such lease, on the taking effect of the prohibition amendment, because of the effect of such law, having vacated the premises, surrendered them to the lessor, and never afterward occupied or used the same, were not liable to the lessor for rent accruing after that time. (Opinion of supreme court on denial of hearing.)

---

1. Effect of lease of property for specified exclusive use as affected by a partial restriction upon such uses by statute, ordinance, or ruling adopted or made during the term, note, 7 A. L. R. 836.

2. Effect upon lease of property for saloon purposes of passage of prohibitory laws during term, notes, 15 Ann. Cas. 1103; Ann. Cas. 1913E, 262; Ann. Cas. 1916B, 1026; Ann. Cas. 1918D, 1145; 19 L. R. A. (N. S.) 964; 23 L. R. A. (N. S.) 497; 34 L. R. A. (N. S.) 773; L. R. A. 1917C, 935.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ben F. Gray for Appellant.

Loewenthal, Collins & Loewenthal for Respondents.

JAMES, J.—Plaintiff on the first day of July, 1915, leased to defendants certain real property located within the city of Los Angeles. The lease term was five years at a monthly rental of $250. The purpose for which the defendants desired to use the property was to conduct thereon a winery and wholesale and retail liquor business. In January, 1920, the national prohibition law became effective, which made it unlawful for the defendants to conduct on the leased premises the business referred to. They tendered to the lessor unpaid rental accruing up to the sixteenth day of January, 1920, amounting to $133.07, which tender was refused, the lessor insisting that the lease was not abrogated but that it continued binding for the full remainder of the five-year term, notwithstanding the adoption of constitutional amendment No. 18. The trial court sustained the contention of the defendants and rendered judgment in favor of the plaintiff only for the amount of rental theretofore tendered, no costs being allowed to either side. From that judgment plaintiff has appealed.

Appellant advances first the broad contention that where a lease of real property is made, binding the lessee to the requirement that he shall not use the property for any other than a specified purpose, even though such use becomes thereafter unlawful as being prohibited by law, the lessee is not relieved from his contract. The second contention is that in no event is a lessee relieved under a lease contract because of the fact that the business to which he desires to devote the property is afterward prohibited, provided that the lease is not so restrictive in terms as to definitely bind the lessee to one particular use. Authorities may be found which do sustain the first contention advanced by appellant. The leading ones are referred to and cited in *Hecht* v. *Acme Coal Co.*, 19 Wyo. 18 [Ann. Cas. 1913E,

258, 34 L. R. A. (N. S.) 773, 777, 113 Pac. 788, 117 Pac. 132]. Citations to the same conclusion may also be found in the notes appended to the text in 16 R. C. L., page 742 et seq. In many of these decisions the courts seem to have proceeded upon the assumption that there must be an eviction of the tenant worked through some act of the landlord, before the former can complain, and they declare that such an eviction does not occur where the law operates to take away the right to the particular use; further, that the contingency is one which should have been guarded against by express terms of the lease contract, the omission to provide which will leave the lessee bound for the full term stated in his contract. The opposite view, which is declared in a number of well-considered cases, places the argument upon a sounder basis, and points to a fundamental rule of the law of contracts. A contract in its inception must possess the essentials of having competent parties, a legal object, and a sufficient consideration. Lacking any one of these, no binding obligations result; hence a contract which contemplates the doing of a thing which is unlawful at the time of the making thereof is void. For the same reason a contract which contemplates the doing of a thing, at first lawful but which afterward and during the running of the contract term becomes unlawful, is affected in the same way and ceases to be operative upon the taking effect of a prohibitory law. A number of authorities applicable are cited in the case of *Stratford, Inc.*, v. *Seattle Brewing & Malting Co.*, 94 Wash. 125 [L. R. A. 1917C, 931, 162 Pac. 31]. See, also, to the same point, *Brunswick-Balke-Collender Co.* v. *Seattle Brewing & Malting Co.*, 98 Wash. 12 [167 Pac. 58]. [1] Concluding, therefore, as we do, that a lease restrictive in its terms as to the business permitted to be done upon the premises becomes inoperative upon the event that the law shall prohibit the doing of that business, we have then to determine whether the conditions of the lease entered into between plaintiff and defendants, in its reference to the business to be done upon the premises, is restrictive or merely permissive. It has been held that where a lease provided that the lessee "may during the life of this lease" carry on a certain business, that such term is permissive and not restrictive, but that where the language was that "the premises are hereby leased to the

lessee for the purpose of conducting a saloon and selling liquors at retail therein,'' such condition is restrictive and will not permit of any use other than the one referred to. The latter condition was the one considered in *Brunswick-Balke-Collender Co.* v. *Seattle Brewing & Malting Co., supra.* Respondent has cited the case of *Security Trust & Sav. Bank* v. *Claussen,* decided by this court and reported in 44 Cal. App. 735 [187 Pac. 142]. The court there held that a term of the lease was permissive where it provided that premises were to be ''used for the purpose of conducting and carrying on the business pertaining to a general retail liquor establishment.'' The construction given to the language was a liberal one in favor of the lessor, but no doubt expressed the intention of the parties as it could be gathered from the whole text of the lease contract. As respondent suggests, in a consideration of the question presented here the terms of section 1930 of the Civil Code are not to be left out of view. That section provides as follows: ''When a thing is let for a particular purpose, the hirer must not use it for any other purpose; and if he does, he is liable to the letter for all damages resulting from such use, or the letter may treat the contract as thereby rescinded.'' In the light of the foregoing observations, we may now examine the terms of the lease contract as it was expressed in the writing which defined the obligation of the parties hereto. [2] We quote those portions of the lease having to do with the restrictive conditions affecting the use to be made of the premises: ''The said lessees further agree that they will use and occupy the said premises for the purpose of con-

                                     and                 and
ducting thereon a general winery or wholesale or retail liquor business; . . . and the said lessees further covenant and agree that they will not suffer or permit the said premises or any part thereof to be used for any other purposes than the purposes hereinafter recited; provided that by agreement between the parties hereto said premises may be used for other purposes. . . . The parties of the second part hereby agree that they will, during the term of said lease, well and truly pay or cause to be paid to the said lessor, the said rents at the time and in the manner specified, and will not, without the written consent of the said lessor, let or underlet, or sublet the whole or any part of said premises,

or suffer or permit the same to be used by any other person, without the said consent of the said lessor; and it being further provided that in the event the said lessees desire to sublet the said premises or any part thereof, that they shall submit to the lessor herein, the name or names of the proposed sub-tenants in writing, at least fifteen days prior to the date of the proposed sub-letting; and in the event that the said sub-tenants so proposed by party of the second part are not satisfactory to the lessor herein, then and in that event the sub-letting of the said premises shall not be made; it being agreed, however, that lessor will not withhold his consent to a sub-letting or a sub-lease if the proposed business to be carried on is a legitimate one, and the proposed sub-lessee is responsible and of good character." It appears from the terms quoted that the lessees agreed not to use the premises for purposes other than those enumerated. Such a condition most certainly is restrictive in character. The condition that the parties might by agreement provide for other uses to be made of the premises is entitled to no weight in determining the character of the condition, for had the added term been omitted entirely, the parties might, of course, at their option, change the terms of the lease by supplemental agreement. The restrictive clauses make it appear definitely enough that the lessees were bound to use the premises for the purpose of conducting a winery or wholesale or retail liquor business, or for all of such purposes, and that such uses could not be varied at their option. The lessor could arbitrarily refuse to permit any change to be made in such use while the defendants were occupying his land. The conditions as to subletting we do not think can be considered as modifying or changing this restriction as to the defendants' use in any manner whatsoever. In our opinion the trial judge correctly determined that the lease became inoperative as against these defendants on the taking effect of the prohibition amendment.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 17, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing in the supreme court is denied.

The opinion of the district court of appeal declares that the obligation of the defendants to pay the rent agreed upon became inoperative when the business to be carried on by the lessees in the premises became unlawful by reason of a law enacted after the term began. [3] It does not mention the fact, agreed to by the parties and found by the lower court, that when such law took effect the defendants, because of the effect of such law, vacated the premises, surrendered them to the plaintiff, and never afterward occupied or used the same. We are satisfied with the judgment denying a recovery to the plaintiff for the rent accruing after the vacation and surrender of the premises to the landlord. The opinion might be understood to hold that the lessee, in such a case, could continue to hold possession of the premises after the prescribed business became unlawful, and escape payment of the rent on the ground of such illegality, without surrendering to the lessor. We do not think this is the law and the opinion must not be so understood.

Shaw, C. J., Lawlor, J., Richards, J., *pro tem.*, Wilbur, J., and Lennon, J., concurred.