No. 10,485.

DOWNES, ET AL. *v.* MCCLELLAN.

Decided November 6, 1922.

Action in mandamus to compel county commissioners to grant a license for a dance hall, where soft drinks would be sold. Writ granted.

*Reversed.*

1. LICENSE—*Granting Discretionary.* The power to refuse a license necessarily includes discretion to grant or refuse, and mandamus will not lie to compel the granting of a license where it is not alleged and shown that the exercise of such discretion was arbitrary.

2. SALOON—*Defined.* A dance hall where soft drinks are sold is a saloon.

3. *Statute Construed.* A statute which provides that a saloon shall be deemed to include places where spirituous or vinous liquors are sold, does not exclude other definitions.

*Error to the County Court of Jefferson County, Hon. Chas. McCall, Judge.*

Mr. JOHN C. VIVIAN, Mr. W. L. BOATRIGHT, Mr. CLIFFORD W. MILLS, for plaintiffs in error.

Messrs. RUSH & CLINE, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in mandamus to compel the board of county commissioners of the county of Jefferson to grant plaintiff a license to keep a dance hall where soft drinks would be sold. A demurrer to the alternative writ of mandamus was overruled. Defendants did not plead or answer thereafter, and the writ was made peremptory.

The complaint is based on the theory, and the contention of the plaintiff is, that the county commissioners had no discretion to refuse to grant the license. The statute involved in this case is section 3992 R. S. 1908, which provides as follows: "The board of county commissioners may grant licenses to keep saloons, hotels, public houses, or groceries, upon the following conditions, to-wit:" Next follows a clause with reference to a fee, and then a provision as to a bond.

This statute is not one for revenue only. It is one related to the exercise of the police power and to regulate the businesses enumerated. The power to license in such cases includes the power to refuse a license, even where statutory or preliminary requirements are complied with. 25 Cyc. 603; *People, ex rel. v. Grant,* 126 N. Y. 473, 27 N. E. 964. The power to refuse a license necessarily means having a discretion to grant or refuse, and mandamus will not lie to compel the granting of a license where it is not alleged and shown that the exercise of such discretion was arbitrary. 5 McQuillin Munic. Corp., section 2564; *People, ex rel. v. Grant, supra.* The complaint in the instant case does not state facts sufficient to warrant a peremptory writ of mandamus for the reason that it does not show that the defendants abused their discretion, but

on the other hand, that they refused to grant the license on the ground that plaintiff's place of business is a "public nuisance." It was therefore error to overrule the demurrer.

The plaintiff claims that the defendants have discretion only where a license is sought for a saloon or grocery, since section 3993 R. S. 1908, provides that, "upon application for licenses to keep saloons or groceries, the board may reject or grant the same in their discretion."

If this is true, still the plaintiff is in no better position, for a dance hall where soft drinks are sold is a saloon. *O'Byrne v. Henley,* 161 Ala. 620, 50 So. 83, 23 L. R. A. (N. S.) 496; *Kitson v. Ann Arbor,* 26 Mich. 325; *State v. Mansker,* 36 Tex. 364. *Snow v. State,* 50 Ark. 557, 9 S. W. 306; *Goozen v. Phillips,* 49 Mich. 7, 12 N. W. 889. Definitions of the word "saloon" appear in *Lendholm v. People,* 55 Colo. 467, 136 Pac. 70. But plaintiff insists that a saloon is only as defined in section 3996 R. S. 1908. That section provides that a saloon shall be deemed to "include" places where spirituous or vinous liquors are sold, but that does not exclude other definitions. *In re Harper,* 175 Fed. 412, 423.

The judgment is reversed with directions to vacate the peremptory writ and sustain the demurrer to the alternative writ.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.