[Civ. No. 9607. First Appellate District, Division Two.—March 23, 1936.]

THEODOSIA COOK GRACE et al., Plaintiffs and Appellants, v. HERMANN CRONINGER et al., Defendants; MARY L. FREDERICK, Defendant and Appellant.

Hugh Goodfellow, Thomas Ashby and A. Dal. Thomson for Plaintiffs and Appellants.

Keyes & Erskine and J. Benton Tulley for Defendant and Appellant.

SPENCE, J.—This is an action by a lessor based upon a written guaranty of the covenants of a lease. Some of the facts are set forth in the opinion in *Grace* v. *Croninger*, 56 Cal. App. 659 [206 Pac. 130], which litigation involved a claim for rent accruing prior to the time that this action was commenced. The complaint herein was filed in June, 1919, at which time the other litigation was still pending. The lessor sought by the original complaint in this action to recover additional rent which had become due upon the premises up to and including the month of June, 1919, together with attorney's fees. After the decision in the previous litigation had become final, the rent demanded in the original complaint herein was paid. A supplemental complaint had been filed in October, 1919, seeking to recover rent for the remaining months of the lease, to wit, July, August, September and October, 1919, at the rate of $650 per month, together with interest and attorney's fees.

There have been substitutions of parties herein, but it is sufficient for our purposes to refer to the parties as the lessor, the lessee and the guarantor. The lessor proceeded to trial against the guarantor alone and the cause was tried by the court sitting without a jury upon the supplemental complaint and the answer thereto. The trial court entered judgment denying to the lessor any recovery against the guar-

antor for rent due from the lessee, but awarding to the lessor the sum of $299 as attorney's fees. The lessor has appealed from said judgment and the guarantor has appealed from that portion thereof awarding attorney's fees.

Certain facts should be stated in addition to those set forth in *Grace* v. *Croninger, supra*. The so-called War-Time Prohibition Act became effective on July 1, 1919, and remained in effect until after the termination of the lease on October 31, 1919. Said act made it unlawful to sell intoxicating liquor for beverage purposes. The lease herein provided that the premises were let "for the purpose of therein carrying on the business of a saloon and cigar store, and for no other purpose or purposes whatsoever". It was further provided that "said lessee will not underlet the whole or any part of said demised premises except for bootblack and, or cigar store purposes". After the effective date of the act above mentioned, the lessee and his subtenants continued in possession of the premises until the lease terminated. Said lessee continued to operate the saloon portion of the premises for the sale of nonintoxicating beverages. No part of the rental for said four months was paid.

The main question presented by these appeals is whether the liability of the guarantor for the subsequently accruing rents ceased upon the enactment of the War-Time Prohibition Act under the facts presented by the record. The lessor contends that such liability did not cease and in our opinion this contention must be sustained. The guarantor claims that the case of *Industrial Development & Land Co.* v. *Goldschmidt,* 56 Cal. App. 507 [206 Pac. 134], is decisive in favor of the position taken by the guarantor, but we do not so read that decision. The lease in that case restricted the use to "a general winery and/or wholesale and/or retail liquor business". Obviously said lease restricted the premises to a use relating solely to intoxicating liquors which use thereafter became wholly illegal by the passage of the so-called National Prohibition Law in 1920. In the present case, the lease in one place restricted the use of the premises to "the business of a saloon and cigar store", but in another place permitted subletting "for bootblack and, or cigar store purposes". In other words, said lease did not restrict the use of the premises to the sale of intoxicating liquors. Two of the uses to which the premises

were restricted, to wit, bootblack and cigar store purposes remained wholly legal after the enactment of the War-Time Prohibition Act and the third use, "the business of a saloon", remained legal in part as "the business of a saloon" contemplates the sale of nonintoxicating beverages as well as the sale of intoxicating liquors. (*O'Byrne* v. *Henley,* 161 Ala. 620 [50 So. 83, 23 L. R. A. (N. S.) 496]; *Hecht* v. *Acme Coal Co.,* 19 Wyo. 18 [113 Pac. 788, 117 Pac. 132, Ann. Cas. 1913E, 258, 34 L. R. A. (N. S.) 773]; *In re Bradley,* 225 Fed. 307; *Downes* v. *McClellan,* 72 Colo. 204 [210 Pac. 397]; *Brewer & Hofmann Brewing Co.* v. *Boddie,* 181 Ill. 622 [55 N. E. 49]; *Springfield* v. *State,* (Tex. App.) 13 S. W. 752; *Kitson* v. *Mayor, etc.,* 26 Mich. 325; *Snow* v. *State,* 50 Ark. 557 [9 S. W. 306].) But furthermore, the decision in *Industrial Development & Land Co.* v. *Goldschmidt, supra,* must be read in the light of the opinion of the Supreme Court in denying hearing. It is there pointed out "that when such law took effect the defendants, because of the effect of such law, vacated the premises, surrendered them to the plaintiff, and never afterward occupied or used the same". After approving the judgment denying recovery of "the rent accruing after the vacation and surrender of the premises to the landlord", the Supreme Court said: "The opinion might be understood to hold that the lessee, in such a case, could continue to hold possession of the premises after the prescribed business became unlawful, and escape payment of the rent on the ground of such illegality, without surrendering to the lessor. We do not think this is the law and opinion must not be so understood." We believe said opinion implies that even where the sole business to which premises are restricted by the terms of a lease becomes unlawful, the lease is not terminated merely by the enactment of the law declaring such business unlawful, but liability under the lease continues as long as the lessee continues in possession. In the present case, the lessee did continue in possession for the remaining four months of the term of the lease and, as indicated above, it appears that the lessee continued to use the premises for purposes which were neither prohibited by law nor by the restrictive provisions of the lease.

There is ample authority sustaining the view that where the lease does not restrict the use of the premises *solely* to the liquor business, the passage of a law making such business illegal does not terminate the lease. Many of the au-

thorities are collected in 22 A. L. R., at page 821, where the author of the annotation says: "The cases upon this question fall into two main classes, depending upon whether or not the lease is solely for the transaction of the liquor business. If it is not, the courts are practically unanimous in holding that the prevention of such business by law does not affect the tenant's liability for rent." Again, on page 822, it is said: "If the conducting of a liquor business is not the sole and exclusive purpose of the lease, so that the tenant may have some beneficial enjoyment of the property notwithstanding the liquor business becomes unlawful, the tenant is not entitled to relief from payment of rent." The author of the annotation in 7 A. L. R. 836 likewise states: "The decided weight of authority is to the effect that where the contract does not restrict the use of the leased premises to a single purpose, it is not invalidated by a subsequent enactment prohibiting the use for less than all of the several purposes specified." (See *Burke* v. *San Francisco Breweries*, 21 Cal. App. 198 [131 Pac. 83]; *Home Brewing Co.* v. *Kaufman*, 78 Ind. App. 462 [133 N. E. 842]; *Proprietors' Realty Co.* v. *Wohltmann*, 95 N. J. L. 303 [112 Atl. 410]; *Conklin* v. *Silver*, 187 Iowa, 819 [174 N. W. 573, 7 A. L. R. 832]; *Standard Brewing Co.* v. *Weil*, 129 Md. 487 [99 Atl. 661, Ann. Cas. 1918D, 1143, L. R. A. 1917C, 929]; *Boyle* v. *Teller*, 132 Pa. 56 [18 Atl. 1069]; *Christopher* v. *Charles Blum Co.*, 78 Fla. 240 [82 So. 765].) If the lease is not invalidated by the subsequent enactment of a law declaring unlawful one of the uses to which the premises are restricted by the terms of the lease, then it follows that the lease remains in force and the liability of the guarantor is not affected by the enactment of such law. Judgment should therefore have been entered herein in favor of the lessor for the rent due under the lease for the period covered by the supplemental complaint and for interest and attorney's fees.

In view of the conclusions which we have reached, we deem it unnecessary to discuss certain other points raised by the lessor. And as it is conceded by the guarantor that an award of attorney's fees is proper under the terms of the lease in the event that the lessor prevails in this action, we need not discuss the appeal by the guarantor from that portion of the judgment entered herein awarding attorney's fees.

The judgment is reversed with directions to the trial court to enter judgment in favor of plaintiffs in accordance with the views expressed herein.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 22, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1936.