Filed 6/29/23  Elqare Enterprises v. Red Whale CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELQARE ENTERPRISES, INC., <br>     Plaintiff and Respondent, <br> v. <br> RED WHALE, LLC, <br>     Defendant and Appellant. | A166085 <br><br> (Marin County <br> Super. Ct. No. CIV <br> 2200151) |

In 2019, Red Whale, LLC (Red Whale or the company) leased commercial space from Elqare Enterprises, Inc. (Elqare).  During the COVID-19 pandemic, the company failed to pay all rent due, prompting Elqare to file an unlawful detainer complaint against the company and its manager, Sean Boyd.  After an unreported bench trial, the court entered judgment against the company, concluding it failed to prove the affirmative defense of frustration of purpose.  We affirm.

## BACKGROUND

In May 2019, Elqare leased space in a commercial building in Mill Valley to Red Whale, a coffee company.[1]  Red Whale intended to remodel the

_____

[1] In lieu of a reporter's transcript, Red Whale filed a modified settled statement containing the parties' respective summaries of the evidence

1

premises before opening, so Elqare offered it a six-month grace period. The five-year lease — which began in October 2019 and had two five-year options to renew — gave the company the right to use the premises to operate a coffee shop "and for no other purpose" without Elqare's "prior written consent." An addendum to the lease permitted the company to use the premises for "other products typically sold in a majority of [the company]'s stores, subject to exclusive uses granted" to the building's other tenants, and it allowed the company to sell certain company apparel and food items. The lease does not contain a force majeure provision.

Red Whale was unable to acquire permits and open for business before the pandemic began in early March 2020. In November, the company opened for takeout. Over the next year, the company intermittently paid partial rent or no rent at all. By March 2022, the company owed nearly $180,000 in unpaid rent. After serving a notice to pay or quit, Elqare filed an unlawful detainer action and sought possession of the premises, past-due rent, and damages. Red Whale's answer raised several affirmative defenses, including frustration of purpose. The matter proceeded to trial.

In its trial brief, Red Whale relied on the frustration of purpose defense — it asserted an emergency proclamation issued by Governor Newsom in March 2020 precluded it from using the "premises for any purpose, specifically the intended use in the Lease as a coffee shop" and, as a result, its obligation to pay rent was excused for periods of time "when no use of the premises was allowed." The company urged the trial court to take judicial notice of Governor Newsom's Executive Order No. N-33-20, known

_____

adduced at trial. (See Cal. Rules of Court, rule 8.137; all rule references are to the Rules of Court.) Our factual summary is drawn in part from the modified settled statement, with quotations of the parties' testimony taken from that document.

2

colloquially as the March 2020 "stay-at-home order," and of a November 2020 Marin County news release closing indoor dining (collectively, temporary closure orders). The court judicially noticed the existence of the documents, but not their meaning.

At a one-day bench trial, Elqare's manager testified Elqare gave Red Whale a six-month grace period to get its "business up and running," but the company "had an issue with [its] builder" and spent more than six months preparing to open. The manager further testified the lack of "proper permits" prevented the company from partially opening during the pandemic. Boyd testified he paid rent on the company's behalf "until May 2020, when he was prohibited by the state and county governments from utilizing the premises at all due to the emergency created by" the pandemic. He admitted, however, that the company failed to obtain "proper permits to open" before the temporary closure orders were issued. The company offered evidence it opened for take-out service in November 2020, and that it served takeout for periods of time in 2020 and 2021. Boyd acknowledged the company's second location in Marin County operated continuously throughout the pandemic.

Thereafter, the trial court issued a minute order with its findings. The court determined judgment "shall enter" for Elqare and against Red Whale for possession of the premises, $153,119 in unpaid rent, and $46,246.62 in damages. As relevant here, it concluded the company had not proven the affirmative defense of "frustration of purpose by a preponderance of the evidence. That defense requires an [unforeseen] law or regulation that renders performance under the lease impossible." (All capitals omitted.) As the court observed, the company had not explained the "meaning or impact" of the temporary closure orders on its "operations at any particular period of time." (All capitals omitted.) The court, however, declined to find Boyd

3

individually liable under an alter ego theory; it later denied Elqare's motion to reconsider that ruling. In June 2022, the court entered judgment for Elqare.

## DISCUSSION

Red Whale contends the trial court erred by concluding it failed to prove frustration of purpose. Before reaching that issue, we must address Elqare's assertion that the appeal is untimely. (*Santa Clarita Organization for Planning & Environment v. Castaic Lake Water Agency* (2016) 1 Cal.App.5th 1084, 1095 [timeliness of appeal is a "threshold procedural question"].) Generally, a notice of appeal must be filed on or before the earliest of 60 days after the superior court clerk or a party serves a file-endorsed copy of the judgment or notice of entry of judgment showing the date either was served or — if no such notice is given — within 180 days after entry of judgment. (Rule 8.104(a)(1)(A)–(C).) Here, judgment was entered on June 13, 2022, but the record contains no evidence the superior court clerk or a party served a file-endorsed copy of the judgment or notice of entry of judgment. Thus, the time to appeal did not expire until 180 days after judgment was entered, and the notice of appeal — filed on September 8 — is timely. (*Thiara v. Pacific Coast Khalsa Diwan Society* (2010) 182 Cal.App.4th 51, 56–58.) The company's service of notice of entry of the order denying Elqare's reconsideration motion did not trigger the deadline to appeal the judgment. (See *Reynolds v. City of Calistoga* (2014) 223 Cal.App.4th 865, 871.)

We now turn to the merits. If proven, the frustration of purpose doctrine "is a defense to an unlawful detainer action." (*Underwood v. Corsino* (2005) 133 Cal.App.4th 132, 135; *SVAP III Poway Crossings, LLC v. Fitness Internat., LLC* (2023) 87 Cal.App.5th 882, 895 (*Fitness Internat.*)) The

4

doctrine is rooted in Restatement Second of Contracts, which provides that when, "after a contract is made, a party's principal purpose is substantially frustrated without [their] fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, [their] remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary." (Rest.2d Contracts, § 265; see also 1 Witkin, Summary of Cal. Law (11th ed. 2023) Contracts, §§ 868–869, pp. 914–915.) Put another way, the doctrine "excuses contractual obligations where performance remains entirely possible, but the whole value of the performance to one of the parties at least, and the basic reason recognized as such by *both* parties, for entering into the contract has been destroyed by a supervening and unforeseen event." (*Fitness Internat.,* at p. 895, internal quotation marks and brackets omitted.)

"A party seeking to escape the obligations of its lease under the doctrine of frustration must show: (1) the purpose of the contract that has been frustrated was contemplated by *both* parties in entering the contract; (2) the risk of the event was not reasonably foreseeable and the party claiming frustration did not assume the risk under the contract; and (3) the value of counterperformance is totally or nearly totally destroyed." (*Fitness Internat., supra,* 87 Cal.App.5th at p. 895.) When commercial frustration of purpose applies, " 'the legal effect . . . is the immediate termination' " of the lease. (*Id.* at p. 896.) For this reason, California law does not recognize a " 'temporary' frustration defense." (*Ibid.*)

"Governmental acts that merely make performance unprofitable or more difficult or expensive do not suffice to excuse a contractual obligation." (*Fitness Internat., supra,* 87 Cal.App.5th at p. 895.) And frustration of purpose is not available when "counterperformance has been and remains

5

valuable." (*Id.* at pp. 895–896.)  Applying these principles, *Fitness Internat.* recently held a "temporary government closure of a fitness facility for a period of months" during the pandemic when the premises were leased for "more than 19 years . . . [did] not amount to the kind of complete frustration required for the doctrine to apply."  (*Id.* at p. 895.)

At trial, Red Whale had the burden to prove frustration of purpose by a preponderance of the evidence.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 861; *Wong v. Markarian* (2022) 82 Cal.App.5th Supp. 24, 34.) The trial court concluded the company failed to satisfy its burden.  Thus — to prevail on appeal — the company must show the evidence at trial compelled a finding in its favor "as a matter of law," i.e., that its "evidence was uncontradicted and unimpeached and of such character and weight that there is no room for a trial court determination that it was insufficient to support a finding in [its] favor."  (*In re D.C.* (2021) 60 Cal.App.5th 915, 921.) We presume the "judgment is correct, indulge all intendments and presumptions in favor of the trial court, and only reverse if [the company] meets its burden of establishing prejudicial error."  (*65283 Two Bunch Palms Building LLC v. Coastal Harvest II, LLC* (2023) 91 Cal.App.5th 162, 168.) We review the result reached by the court, not its reasons, and we affirm if the judgment is "correct on any legal basis."  (*Id.* at p. 169.)

Red Whale cannot meet this demanding standard.  At trial, Elqare established it leased the premises to the company in May 2019 for five years with an option to renew the lease for an additional 10 years.  The lease authorized the company to operate a coffee shop and to sell certain clothing and food items.  Elqare gave the company a six-month grace period to complete renovations and prepare to open, but the company was unable to do so before March 2020 due to construction- and permit-related delays.  Elqare

6

offered evidence that the absence of permits — not the temporary closure orders issued during the pandemic — delayed the company's opening. Although Boyd testified the orders prohibited the company from using the premises during the pandemic, he acknowledged the company served takeout for periods of time, and that its other Marin County location continued to operate during the pandemic. He also conceded the company's failure to obtain permits before the pandemic began contributed to his inability to use the premises. Additionally, there is no indication the company attempted to rescind the lease.

Red Whale's evidence may support an inference the temporary closure orders made the company's performance under the lease "unprofitable or more difficult" for a period of time, but the evidence does not compel a finding the value of the five-year lease was "totally or substantially destroyed." (*Fitness Internat.*, *supra*, 87 Cal.App.5th at pp. 895–896.) To the contrary, ample evidence suggests the company's performance remained valuable. (*Id.* at p. 896.) On this conflicting factual record, we cannot conclude the company established the frustration of purpose defense as a matter of law. (See *In re D.C.*, *supra*, 60 Cal.App.5th at p. 922; *Fitness Internat.*, at pp. 895–897; see also *Lloyd v. Murphy* (1944) 25 Cal.2d 48, 56; *Grace v. Croninger* (1936) 12 Cal.App.2d 603, 605.)[2]

The authority cited by Red Whale does not compel a contrary conclusion. For example, the company likens this case to *Umnv 205-207*

---

[2] Having reached this result, we need not determine whether Red Whale established the first two elements of the defense as a matter of law. (See *Fitness Internat., supra*, 87 Cal.App.5th at p. 895.) We decline the company's invitation to conclude *Fitness Internat.* is wrongly decided and to create an exception to the rule that commercial frustration of purpose functions to terminate the lease. (*Id.* at p. 896.)

*Newbury, LLC v. Caffé Nero Americas Inc.* (Mass.Super. Ct., Feb. 8, 2021, No. 145768) [2021 Mass.Super. Lexis 12] (*Caffé Nero*). We are not bound by out-of-state authority and, in any event, we find the case distinguishable. There, the lease permitted the business to operate a "sit-down restaurant 'and for no other purpose.' " (*Id.* at p. 12.) The business, however, could offer takeout from its sit-down menu. (*Id.* at p. 3.)

A Massachusetts trial court concluded the COVID-19 orders issued by the governor barring businesses from serving customers indoors from March to June 2020 completely frustrated the "entire purpose" of the lease for that three-month period. (*Caffé Nero*, *supra*, 2021 Mass.Super. Lexis 12 at pp. 5–6, 11.) The court's conclusion rested on the fact that the lease allowed the business to use the premises for "a single purpose" — to "operate a café with a sit-down restaurant menu 'and for no other purpose.' " (*Id.* at p. 12.) As the court observed, a different result might obtain if the lease had permitted the business "to use the leased premises for other purposes not barred by government order." (*Id.* at pp. 12–13.) Here, the lease was not so restrictive: it allowed Red Whale to serve takeout and sell apparel, and to deviate from the original purpose of the lease with Elqare's prior written permission. Unlike *Caffé Nero*, the temporary closure orders did not bar the only possible use of the premises.

The other cases upon which Red Whale relies are also distinguishable. (*La Cumbre Golf & Country Club v. Santa Barbara Hotel Co.* (1928) 205 Cal. 422, 425–426 [frustration of purpose defense established where premises were destroyed by fire]; *Industrial Development & Land Co. v. Goldschmidt* (1922) 56 Cal.App. 507, 508–509 [lessee excused from performance when prohibition amendment took effect and made running a liquor business "unlawful"].) We reject the company's reliance on *In re Hitz Rest. Grp.*

8

(Bankr. N.D.Ill. 2020) 616 B.R. 374 for the reasons expressed in *West Pueblo Partners, LLC v. Stone Brewing Co., LLC* (2023) 90 Cal.App.5th 1179, 1189.

Finally, Red Whale argues reversal is required because the trial court conflated the doctrines of frustration and impossibility. Frustration of purpose and impossibility are related — but distinct — legal doctrines. (See *Lloyd v. Murphy*, *supra*, 25 Cal.2d at p. 53.) Briefly, impossibility "is defined 'as not only strict impossibility but [also] impracticability because of extreme and unreasonable difficulty, expense, injury, or loss involved.' " (*Fitness Internat.*, *supra*, 87 Cal.App.5th at p. 893.) The impossibility defense may apply when "a government order makes it unlawful for a party to perform its contractual obligations." (*Ibid.*) In its minute order, the court stated the frustration of purpose "defense requires an [unforeseen] law or regulation that renders performance under the lease impossible." The court's brief reference to impossibility does not require reversal; on appeal, the company has not shown the evidence at trial compelled a finding in its favor "as a matter of law." (*In re D.C.*, *supra*, 60 Cal.App.5th at p. 921; *Fitness Internat.*, at pp. 895–896 [lessee's performance not excused where "value of the lease has not been totally or substantially destroyed"].)

## DISPOSITION

The judgment is affirmed. In the interests of justice, each party is to bear its own costs. (Rule 8.278(a)(5).)

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Petrou, J.

A166085